# U.S. District Court
## Northern District of Iowa (Western Division)
## CIVIL DOCKET FOR CASE #: 5:21–cv–04024–CJW–MAR
### *Internal Use Only*

| | |
|---|---|
| Griner et al v. King et al | Date Filed: 06/23/2021 |
| Assigned to: Judge CJ Williams | Date Terminated: 11/18/2022 |
| Referred to: Magistrate Judge Mark A Roberts | Jury Demand: None |
| Case in other court:  District of Columbia, 1:20–cv–03848 | Nature of Suit: 820 Copyright |
| Eighth Circuit Court of Appeals, 22–03623 | Jurisdiction: Federal Question |
| Cause: 17:101 Copyright Infringement (definitions) | |

**Plaintiff**

| | | |
|---|---|---|
| **Laney Marie Griner** | represented by | **Michael Douglas Steger** |
| | | Law Offices of Michael D Steger PC |
| | | 30 Ramland Road |
| | | Suite 201 |
| | | Orangeburg, NY 10962 |
| | | 845 359 4600 |
| | | Email: michael@donigerlawfirm.com |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Stephen Doniger** |
| | | Doniger Burroughs Apc |
| | | 603 Rose Avenue |
| | | Venice, CA 90291 |
| | | 310 590 1820 |
| | | Email: stephen@donigerlawfirm.com |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **William Jeremiah Hale** |
| | | Goosmann Law Firm |
| | | 410 5th Street |
| | | Sioux City, IA 51101 |
| | | 712 226 4000 |
| | | Email: halew@goosmannlaw.com |
| | | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Sam Griner** | represented by | **Michael Douglas Steger** |
| | | (See above for address) |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Stephen Doniger** |
| | | (See above for address) |

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William Jeremiah Hale**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Steven Arnold King**                    represented by    **Michael Keith Blankenship**
Da Vinci's Notebook LLC
9000 Mike Garcia Drive
Number 52
Manassas, VA 20109
703 581 9562
Email: keith@dnotebook.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel B Shuck**
Shuck Law Firm
501 Pierce Street
Suite 205
Sioux City, IA 51101
712 258 0121
Email: Dan.Shuck@shucklawfirm.com
*ATTORNEY TO BE NOTICED*

**Michael J. O'Neill**
LANDMARK LEGAL FOUNDATION
19415 Deerfield Avenue
Suite 312
Leesburg, VA 20176
(703) 554–6100
Email: mike@landmarklegal.org
*TERMINATED: 07/26/2021*

**Defendant**

**King for Congress**                    represented by    **Michael Keith Blankenship**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel B Shuck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael J. O'Neill**

(See above for address)
*TERMINATED: 07/26/2021*

**Defendant**

**WinRed, Inc**                           represented by **Jason Brett Torchinsky**
*TERMINATED: 05/03/2021*                               Holtzman Vogel PLLC
                                                       2300 N Street NW
                                                       Suite 643a
                                                       Washington, DC 20037
                                                       202 737 8808
                                                       Email: jtorchinsky@holtzmanvogel.com
                                                       *TERMINATED: 05/03/2021*
                                                       *LEAD ATTORNEY*

                                                       **Jonathan Philip Lienhard**
                                                       HOLTZMAN VOGEL BARAN
                                                       TORCHINSKY & JOSEFIAK PLLC
                                                       15405 John Marshall Hwy
                                                       20169
                                                       Haymarket, VA 20186
                                                       540–341–8808
                                                       *TERMINATED: 05/03/2021*
                                                       *LEAD ATTORNEY*

**Defendant**

**Does 1–10**
*TERMINATED: 11/04/2022*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/30/2020 | 1 | COMPLAINT against DOES 1–10, STEVEN ARNOLD KING, KING FOR CONGRESS, WINRED, INC. with Jury Demand ( Filing fee $ 402 receipt number ADCDC–8018096) filed by LANEY MARIE GRINER, SAM GRINER. (Attachments: # 1 Civil Cover Sheet Civil cover sheet, # 2 Summons Proposed Summons Steven Arnold King, # 3 Summons Proposed Summons King for Congress)(Steger, Michael) [Transferred from District of Columbia on 6/23/2021.] (Entered: 12/30/2020) |
| 12/30/2020 | | NOTICE OF ERROR re 1 Complaint; emailed to msteger@skattorney.com, cc'd 1 associated attorneys –– The PDF file you docketed contained errors: 1. Noncompliance with LCvR 5.1(c). Please file an errata correcting the initiating pleading to include the name & full residence address of each party using the event Errata., 2. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (zsb, ) [Transferred from District of Columbia on 6/23/2021.] (Entered: 12/30/2020) |
| 01/01/2021 | 2 | ENTERED IN ERROR.....ERRATA by LANEY MARIE GRINER, SAM GRINER re 1 Complaint, filed by SAM GRINER, LANEY MARIE GRINER. (Steger, Michael) Modified on 1/4/2021 (zsb). [Transferred from District of Columbia on 6/23/2021.] (Entered: 01/01/2021) |

| | | |
|---|---|---|
| 01/04/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: re 2 Errata was entered in error and counsel was instructed to refile said pleading. (zsb) [Transferred from District of Columbia on 6/23/2021.] (Entered: 01/04/2021) |
| 01/04/2021 | 3 | ERRATA by LANEY MARIE GRINER, SAM GRINER re 1 Complaint, filed by SAM GRINER, LANEY MARIE GRINER. (Attachments: # 1 Exhibit Complaint)(Steger, Michael) [Transferred from District of Columbia on 6/23/2021.] (Entered: 01/04/2021) |
| 01/05/2021 | | Case Assigned to Judge Richard J. Leon. (adh, ) [Transferred from District of Columbia on 6/23/2021.] (Entered: 01/05/2021) |
| 01/05/2021 | 4 | SUMMONS (2) Issued Electronically as to STEVEN ARNOLD KING, KING FOR CONGRESS. (Attachment: # 1 Notice and Consent)(adh, ) [Transferred from District of Columbia on 6/23/2021.] (Entered: 01/05/2021) |
| 01/07/2021 | 5 | REQUEST FOR SUMMONS TO ISSUE re 1 Complaint, filed by LANEY MARIE GRINER, SAM GRINER. Related document: 1 Complaint, filed by SAM GRINER, LANEY MARIE GRINER.(Steger, Michael) [Transferred from District of Columbia on 6/23/2021.] (Entered: 01/07/2021) |
| 01/10/2021 | 6 | SUMMONS (1) Issued Electronically as to WINRED, INC. (zjf) [Transferred from District of Columbia on 6/23/2021.] (Entered: 01/10/2021) |
| 02/08/2021 | 7 | STANDING ORDER. Signed by Judge Richard J. Leon on 02/08/2021. (lcrjl3) [Transferred from District of Columbia on 6/23/2021.] (Entered: 02/08/2021) |
| 02/08/2021 | 8 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. WINRED, INC. served on 1/15/2021, answer due 2/5/2021 (Steger, Michael) [Transferred from District of Columbia on 6/23/2021.] (Entered: 02/08/2021) |
| 03/04/2021 | 9 | MOTION for Briefing Schedule by WINRED, INC.. (Attachments: # 1 Text of Proposed Order)(Torchinsky, Jason) [Transferred from District of Columbia on 6/23/2021.] (Entered: 03/04/2021) |
| 03/04/2021 | 10 | NOTICE of Appearance by Jason B. Torchinsky on behalf of WINRED, INC. (Torchinsky, Jason) (Main Document 10 replaced on 3/5/2021) (zjf). [Transferred from District of Columbia on 6/23/2021.] (Entered: 03/04/2021) |
| 03/04/2021 | 11 | NOTICE of Appearance by Jonathan Philip Lienhard on behalf of WINRED, INC. (Lienhard, Jonathan) (Main Document 11 replaced on 3/5/2021) (zjf). [Transferred from District of Columbia on 6/23/2021.] (Entered: 03/04/2021) |
| 03/07/2021 | 12 | ORDER. Upon consideration of 9 Joint Motion for Approval of Briefing Schedule, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that Defendant WinRed shall file any response to the Complaint in this matter on or before 03/22/2021. It is further ORDERED that Plaintiffs shall file any opposition on or before 04/12/2021. It is further ORDERED that Defendant WinRed shall file any reply to Plaintiffs' opposition on or before 04/26/2021. (See order for complete details). SO ORDERED. Signed by Judge Richard J. Leon on 03/07/2021. (lcrjl3) Modified on 3/8/2021 to correct date (hmc). [Transferred from District of Columbia on 6/23/2021.] (Entered: 03/07/2021) |
| 03/22/2021 | 13 | MOTION to Dismiss by WINRED, INC.. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit)(Torchinsky, Jason) [Transferred from District of Columbia on |

| | | |
|---|---|---|
| | | 6/23/2021.] (Entered: 03/22/2021) |
| 03/26/2021 | 14 | Summons Returned Unexecuted by LANEY MARIE GRINER as to KING FOR CONGRESS. (Steger, Michael) [Transferred from District of Columbia on 6/23/2021.] (Entered: 03/26/2021) |
| 03/26/2021 | 15 | Summons Returned Unexecuted by LANEY MARIE GRINER as to STEVEN ARNOLD KING. (Steger, Michael) [Transferred from District of Columbia on 6/23/2021.] (Entered: 03/26/2021) |
| 04/07/2021 | 16 | AMENDED COMPLAINT against DOES 1–10, STEVEN ARNOLD KING, KING FOR CONGRESS, WINRED, INC. with Jury Demand filed by LANEY MARIE GRINER, SAM GRINER.(Steger, Michael) [Transferred from District of Columbia on 6/23/2021.] (Entered: 04/07/2021) |
| 04/09/2021 | 17 | NOTICE *of filing Amended Complaint* by LANEY MARIE GRINER, SAM GRINER re 16 Amended Complaint (Attachments: # 1 Exhibit Comparison of Complaints)(Steger, Michael) [Transferred from District of Columbia on 6/23/2021.] (Entered: 04/09/2021) |
| 04/13/2021 | 18 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. KING FOR CONGRESS served on 4/12/2021, answer due 5/3/2021 (Steger, Michael) [Transferred from District of Columbia on 6/23/2021.] (Entered: 04/13/2021) |
| 04/13/2021 | 19 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. STEVEN ARNOLD KING served on 4/12/2021, answer due 5/3/2021 (Steger, Michael) [Transferred from District of Columbia on 6/23/2021.] (Entered: 04/13/2021) |
| 04/14/2021 | 20 | Consent MOTION for Briefing Schedule by WINRED, INC.. (Attachments: # 1 Text of Proposed Order)(Torchinsky, Jason) [Transferred from District of Columbia on 6/23/2021.] (Entered: 04/14/2021) |
| 04/15/2021 | | MINUTE ORDER. Upon consideration of defendant WinReds 20 Consent Motion for Approval of Briefing Schedule, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that defendant WinRed shall file any response to the First Amended Complaint in this matter on or before 04/23/2021. It is further ORDERED that Plaintiffs shall file any opposition on or before 05/07/2021. It is further ORDERED that Defendant WinRed shall file any reply to Plaintiffs' opposition on or before 05/14/2021. SO ORDERED. Signed by Judge Richard J. Leon on 04/15/2021. (lcrjl3) [Transferred from District of Columbia on 6/23/2021.] (Entered: 04/15/2021) |
| 04/15/2021 | | Set/Reset Deadlines: Defendant WinRed's response to the First Amended Complaint due by 4/23/2021. Plaintiffs' opposition due by 5/7/2021. Defendant WinRed's reply due by 5/14/2021. (hmc) [Transferred from District of Columbia on 6/23/2021.] (Entered: 04/15/2021) |
| 04/23/2021 | 21 | MOTION to Dismiss *Plaintiffs' First Amended Complaint* by WINRED, INC.. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Torchinsky, Jason) [Transferred from District of Columbia on 6/23/2021.] (Entered: 04/23/2021) |
| 04/23/2021 | 22 | NOTICE of Exhibits Omitted re 21 MOTION to Dismiss Plaintiffs' First Amended Complaint by WINRED, INC. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Torchinsky, Jason) Modified on 4/25/2021 to correct docket event/text (zjf). [Transferred from District of Columbia on 6/23/2021.] (Entered: 04/23/2021) |

| 04/26/2021 | 23 | ERRATA *Exhibits to Motion to Dismiss 21* by WINRED, INC. re 21 MOTION to Dismiss *Plaintiffs' First Amended Complaint* filed by WINRED, INC.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Torchinsky, Jason) [Transferred from District of Columbia on 6/23/2021.] (Entered: 04/26/2021) |
|---|---|---|
| 04/28/2021 | 24 | NOTICE of Appearance by Michael J. O'Neill on behalf of STEVEN ARNOLD KING (O'Neill, Michael) [Transferred from District of Columbia on 6/23/2021.] (Entered: 04/28/2021) |
| 04/28/2021 | 25 | NOTICE of Appearance by Michael J. O'Neill on behalf of KING FOR CONGRESS (O'Neill, Michael) [Transferred from District of Columbia on 6/23/2021.] (Entered: 04/28/2021) |
| 04/28/2021 | 26 | Consent MOTION for Extension of Time to *Respond* by STEVEN ARNOLD KING. (Attachments: # 1 Text of Proposed Order)(O'Neill, Michael) [Transferred from District of Columbia on 6/23/2021.] (Entered: 04/28/2021) |
| 04/28/2021 | 27 | Consent MOTION for Extension of Time to *Respond* by KING FOR CONGRESS. (Attachments: # 1 Text of Proposed Order)(O'Neill, Michael) [Transferred from District of Columbia on 6/23/2021.] (Entered: 04/28/2021) |
| 04/29/2021 | | MINUTE ORDER. Upon consideration of defendants Steven A. King and King for Congress' 26 and 27 Consent Motion for An Extension of Time to Respond to Plaintiffs' First Amended Complaint, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that defendants Steven A. King and King for Congress shall answer or otherwise respond to the first amended complaint on or before 05/17/2021. SO ORDERED. Signed by Judge Richard J. Leon on 04/29/2021. (lcrjl3) [Transferred from District of Columbia on 6/23/2021.] (Entered: 04/29/2021) |
| 04/29/2021 | | NOTICE OF ERROR re 27 Motion for Extension of Time to; emailed to mike@landmarklegal.org, cc'd 7 associated attorneys –– The PDF file you docketed contained errors: 1. In future, do not file separate docket entries for each defendant; select all filers for one docket entry. DO NOT REFILE. (znmw, ) [Transferred from District of Columbia on 6/23/2021.] (Entered: 04/29/2021) |
| 05/03/2021 | 28 | NOTICE of Voluntary Dismissal re Winred, Inc. (Steger, Michael) [Transferred from District of Columbia on 6/23/2021.] (Entered: 05/03/2021) |
| 05/17/2021 | 29 | MOTION to Dismiss , MOTION to Transfer Case by STEVEN ARNOLD KING, KING FOR CONGRESS. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Declaration M. Keith Blankenship, # 4 Exhibit Blankenship Declaration Exhibits, # 5 Declaration Steve King, # 6 Declaration Greg Carpenter Declaration)(O'Neill, Michael). Added MOTION to Transfer Case on 5/18/2021 (zjf). [Transferred from District of Columbia on 6/23/2021.] (Entered: 05/17/2021) |
| 05/27/2021 | 30 | Joint MOTION for Scheduling Order *re Motion to Dismiss* by LANEY MARIE GRINER. (Attachments: # 1 Text of Proposed Order Proposed Order)(Steger, Michael) [Transferred from District of Columbia on 6/23/2021.] (Entered: 05/27/2021) |
| 05/28/2021 | 31 | RESPONSE re 30 Joint MOTION for Scheduling Order *re Motion to Dismiss* filed by STEVEN ARNOLD KING, KING FOR CONGRESS. (Attachments: # 1 Exhibit)(O'Neill, Michael) [Transferred from District of Columbia on 6/23/2021.] (Entered: 05/28/2021) |
| 06/01/2021 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER. Upon consideration of plaintiffs' 30 Motion for Approval of Briefing Schedule, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that plaintiffs shall file on or before 06/04/2021 any response to defendants' 29 Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim and in the Alternative to Transfer Venue. It is further ORDERED that defendants shall file any reply on or before 06/11/2021. SO ORDERED. Signed by Judge Richard J. Leon on 06/01/2021. (lcrjl3) [Transferred from District of Columbia on 6/23/2021.] (Entered: 06/01/2021) |
| 06/02/2021 | 32 | Joint MOTION to Transfer Case *to the Northern District of Iowa* by LANEY MARIE GRINER, SAM GRINER. (Attachments: # 1 Text of Proposed Order Proposed Order)(Steger, Michael) [Transferred from District of Columbia on 6/23/2021.] (Entered: 06/02/2021) |
| 06/09/2021 | | MINUTE ORDER. Upon consideration of the parties' 32 Joint Motion to Transfer Venue, it is hereby ORDERED that the motion is GRANTED. Transfer is proper under 28 U.S.C. § 1404(a) because both parties consent to the transfer, and, given that defendants are located in Iowa, transfer will result in greater convenience for the parties. The Clerk is directed to TRANSFER this matter to the United States District Court for the Northern District of Iowa. SO ORDERED. Signed by Judge Richard J. Leon on 06/09/2021. (lcrjl3) [Transferred from District of Columbia on 6/23/2021.] (Entered: 06/09/2021) |
| 06/21/2021 | 33 | Case transferred to the USDC for the United States District Court for the Northern District of Iowa pursuant to Minute Order on Motion to Transfer Case filed on 06/09/2021. Sent to Court via extraction. (zjf) [Transferred from District of Columbia on 6/23/2021.] (Entered: 06/21/2021) |
| 06/23/2021 | 34 | Case transferred in from District of District of Columbia; Case Number 1:20−cv−03848. Original file certified copy of transfer order and docket sheet received. Modified text on 6/23/2021 (skm).<br><br>**NORTHERN DISTRICT OF IOWA DOCKET BEGINS HERE** (Entered: 06/23/2021) |
| 06/23/2021 | | Judge CJ Williams and Magistrate Judge Mark A Roberts added (no conflicts found). (skm) (Entered: 06/23/2021) |
| 06/23/2021 | 35 | NOTICE to Attorneys Michael Douglas Steger and Michael J. O'Neill Not Admitted to Practice in the United States District Court for the Northern District of Iowa. Admissions due by 7/7/2021. (skm) (Entered: 06/23/2021) |
| 06/23/2021 | 36 | AO 121 Copyright form attached. AO 121 form with 16 Amended Complaint mailed to U.S. Copyright Office. (skm) (Entered: 06/23/2021) |
| 06/23/2021 | 37 | NOTICE of Appearance by William Jeremiah Hale on behalf of All Plaintiffs. (Hale, William) (Entered: 06/23/2021) |
| 06/30/2021 | 38 | MOTION for Leave to Appear Pro Hac Vice for Attorney Michael D. Steger ( Pro Hac Vice Fee $ 100 receipt number AIANDC−3483162) by Plaintiffs Laney Marie Griner, Sam Griner (Attachments: # 1 Exhibit Certificate of Good Standing) (Hale, William) (Entered: 06/30/2021) |
| 06/30/2021 | 39 | ORDER: Defendants shall respond to the First Amended Complaint 16 on or before 07/21/2021. The parties shall file a proposed Scheduling Order and Discovery Plan on |

| | | |
|---|---|---|
| | | or before 08/04/2021 in compliance with LR 16. Signed by Magistrate Judge Mark A Roberts on 6/30/21. (ksy) (Entered: 06/30/2021) |
| 07/01/2021 | 40 | TEXT ORDER ONLY granting 38 MOTION for Leave to Appear Pro Hac Vice for Attorney Michael D. Steger (Pro Hac Vice Fee $ 100 receipt number AIANDC−3483162). Upon review of the motion and certificate of good standing, the court finds the motion should be granted. It is so ordered that Attorney Michael D. Steger is authorized to appear on behalf of Plaintiffs Laney Marie Griner and Sam Griner on the condition that he registers for CM/ECF through PACER on or before 7/15/2021. Signed by Clerk on 7/1/2021. (eSteger) (jag) (Entered: 07/01/2021) |
| 07/14/2021 | 41 | NOTICE of Appearance by Daniel B Shuck on behalf of All Defendants. (Shuck, Daniel) (Entered: 07/14/2021) |
| 07/14/2021 | 42 | REPLACEMENT Notice of Appearance by Daniel B Shuck on behalf of Steven Arnold King, King for Congress. (Shuck, Daniel) Modified docket text on 7/15/2021 (jag) (Entered: 07/14/2021) |
| 07/21/2021 | 43 | MOTION to Dismiss by Defendants Steven Arnold King, King for Congress Responses due by 8/4/2021 (Attachments: # 1 Brief, # 2 Declaration Carpenter, # 3 Declaration MKBL, # 4 Declaration MB, # 5 Declaration SK) (Shuck, Daniel) (Entered: 07/21/2021) |
| 08/04/2021 | 44 | PROPOSED Scheduling Order and Discovery Plan by Plaintiffs Laney Marie Griner, Sam Griner (Hale, William) (Entered: 08/04/2021) |
| 08/04/2021 | 45 | RESISTANCE to Motion re 43 MOTION to Dismiss filed by Laney Marie Griner, Sam Griner. (Steger, Michael) (Entered: 08/04/2021) |
| 08/10/2021 | 46 | ORDER Setting Hearing: Telephonic Rule 16(b) and 26(f) Scheduling Conference set for 8/16/2021 02:00 PM before Magistrate Judge Mark A Roberts. See Order for conference bridge instructions. Signed by Magistrate Judge Mark A Roberts on 8/9/2021. (jag) (Entered: 08/10/2021) |
| 08/11/2021 | 47 | REPLY BRIEF in support of 43 MOTION to Dismiss filed by Steven Arnold King, King for Congress. (Shuck, Daniel) (Entered: 08/11/2021) |
| 08/18/2021 | 48 | MINUTE Entry for proceedings held before Magistrate Judge Mark A Roberts: Telephonic Scheduling Conference held on 8/16/2021. Official Court Record: FTR Gold (jag) (Entered: 08/18/2021) |
| 08/18/2021 | 49 | SCHEDULING Order and Discovery Plan: Initial Disclosures due date of 8/30/2021 but not filed with the court. Add Parties Deadline due by 9/8/2021. Amended Pleadings due by 9/8/2021. Plaintiffs' Expert Witness due by 11/15/2021. Defendants' Expert Witnesses due by 1/14/2022. Plaintiffs' Rebuttal Experts due by 2/15/2022. Discovery due by 3/15/2022. Motions due by 4/15/2022. Trial Ready Deadline 9/26/2022. Signed by Magistrate Judge Mark A Roberts on 8/18/2021. (jag) (Entered: 08/18/2021) |
| 08/19/2021 | 50 | TRIAL Management Order: Witness and exhibit lists exchanged by parties (but not filed) at least 21 days before FPTC. Exhibits marked. Jury Instructions 3 days before FPTC. Motions in limine 21 days before FPTC. Pretrial Conference set for 9/26/2022 08:30 AM in Sioux City before Judge CJ Williams. Jury Trial set for 9/26/2022 09:00 AM in Sioux City before Judge CJ Williams. Telephonic Final Pretrial Conference set for 9/12/2022 09:00 AM before Judge CJ Williams. Proposed Pretrial Order due by 9/9/2022. Signed by Judge CJ Williams on 8/19/2021. (jag) (Entered: 08/19/2021) |

| 09/09/2021 | 51 | UNRESISTED MOTION for Protective Order by Plaintiffs Laney Marie Griner, Sam Griner (Hale, William) (Entered: 09/09/2021) |
|---|---|---|
| 09/10/2021 | 52 | STIPULATED PROTECTIVE Order re 51 Unresisted Motion for Protective Order. Signed by Magistrate Judge Mark A Roberts on 9/10/2021. (jjh) (Entered: 09/10/2021) |
| 09/30/2021 | 53 | MOTION for Protective Order by Defendants Steven Arnold King, King for Congress (Attachments: # 1 Brief in Support of Protective Order, # 2 Text of Proposed Order) (Shuck, Daniel) (Entered: 09/30/2021) |
| 10/13/2021 | 54 | BRIEF in Opposition to 53 Motion for Protective Order filed by Laney Marie Griner, Sam Griner. (Hale, William) (Entered: 10/13/2021) |
| 10/15/2021 | 55 | MOTION for Leave to Appear Pro Hac Vice for Attorney *BLankenship* ( Pro Hac Vice Fee $ 100 receipt number AIANDC–3550311) by Defendants Steven Arnold King, King for Congress (Attachments: # 1 Exhibit) (Shuck, Daniel) (Entered: 10/15/2021) |
| 10/18/2021 | 56 | TEXT ORDER ONLY granting 55 MOTION for Leave to Appear Pro Hac Vice for Attorney M Keith Blankenship (Pro Hac Vice Fee $ 100 receipt number AIANDC–3550311): Upon review of the motion and certificate of good standing, the court finds the motion should be granted. It is so ordered that Attorney M Keith Blankenship is authorized to appear on behalf of Defendants Steven Arnold King and King for Congress on the condition he registers for CM/ECF NextGen by 11/1/2021. Signed by Clerk on 10/18/2021. (eBlankenship) (jag) (Entered: 10/18/2021) |
| 10/20/2021 | 57 | ORDER denying 43 defendants' Motion to Dismiss. See Order text for further details. Signed by Judge CJ Williams on 10/20/2021. (jag) (Entered: 10/20/2021) |
| 10/20/2021 | 58 | REPLY BRIEF in Support of 53 Motion for Protective Order filed by Steven Arnold King, King for Congress. (Shuck, Daniel) Modified to add link on 10/21/2021 (jag) (Entered: 10/20/2021) |
| 11/01/2021 | 59 | ORDER denying as moot 53 Motion for Protective Order: Defendants' request for an extension to of time to respond to pending discovery is **denied** without prejudice to refiling. Signed by Magistrate Judge Mark A Roberts on 11/1/2021. (kms) (Entered: 11/01/2021) |
| 11/10/2021 | 60 | ANSWER WITH JURY DEMAND to 16 Amended Complaint by King for Congress.(Blankenship, Michael) (Entered: 11/10/2021) |
| 11/10/2021 | 61 | ANSWER WITH JURY DEMAND to 16 Amended Complaint by Steven Arnold King.(Blankenship, Michael) (Entered: 11/10/2021) |
| 02/08/2022 | 62 | ORDER Setting Hearing. Telephonic Status Conference set for 2/16/2022 09:00 AM before Magistrate Judge Mark A Roberts. See Order for Court's Zoom.Gov audio instructions. Failure to appear for this status conference could result in sanctions by the Court. Signed by Magistrate Judge Mark A Roberts on 2/8/2022. (jag) (Entered: 02/08/2022) |
| 02/15/2022 | 63 | ORDER Resetting Hearing: Telephonic Status Conference set for 2/16/2022 is hereby **continued to 2/24/2022 at 9:00 AM** before Magistrate Judge Mark A Roberts. **See order for instructions.** Signed by Magistrate Judge Mark A Roberts on 2/15/2022. (mmc) (Entered: 02/15/2022) |

| 02/24/2022 | 64 | MINUTE Entry for proceedings held before Magistrate Judge Mark A Roberts: Status Conference held on 2/24/2022. Official Court Record: FTR Gold (kms) (Entered: 02/24/2022) |
|---|---|---|
| 03/07/2022 | 65 | MOTION to Compel *Discovery* by Defendant King for Congress (Attachments: # 1 Exhibit List, # 2 Exhibits A–H, # 3 Exhibits I–N) (Blankenship, Michael) (Entered: 03/07/2022) |
| 03/07/2022 | 66 | BRIEF in Support of 65 Motion to Compel *Discovery* filed by King for Congress. (Blankenship, Michael) (Entered: 03/07/2022) |
| 03/21/2022 | 67 | BRIEF in Opposition to 65 Motion to Compel *Discovery* filed by Laney Marie Griner, Sam Griner. (Attachments: # 1 Declaration of Michael D. Steger, # 2 Exhibit 1) (Steger, Michael) (Entered: 03/21/2022) |
| 03/25/2022 | 68 | MOTION for Extension of Time to File Reply to 65 Motion to Compel *Discovery* by Defendants Steven Arnold King, King for Congress (Blankenship, Michael) Modified text on 3/28/2022 (jag) (Entered: 03/25/2022) |
| 03/28/2022 | 69 | ORDER granting 68 Motion for Extension of Time to File Reply re 65 MOTION to Compel *Discovery*: Defendants shall have until April 1, 2022 to file their reply brief regarding their motion to compel. Signed by Magistrate Judge Mark A Roberts on 3/28/2022. [see ORDER] (kms) (Entered: 03/28/2022) |
| 04/01/2022 | 70 | REPLY BRIEF in Support of 65 Motion to Compel *Discovery* filed by Steven Arnold King, King for Congress. (Attachments: # 1 Affidavit Decl. (Second) of M. Keith Blankenship (Second), # 2 Exhibit O–EE) (Blankenship, Michael) (Entered: 04/01/2022) |
| 04/07/2022 | 71 | ORDER Setting Hearing on Motion re 65 Motion to Compel *Discovery*: Telephonic Motion Hearing set for 4/14/2022 at 1:00 PM before Magistrate Judge Mark A Roberts. Signed by Magistrate Judge Mark A Roberts on 4/7/2022. (mmc) (Entered: 04/07/2022) |
| 04/11/2022 | 72 | MOTION for Leave to File Overlength Brief *(Emergency)* by Defendants Steven Arnold King, King for Congress (Blankenship, Michael) (Entered: 04/11/2022) |
| 04/11/2022 | 73 | RESISTANCE to 72 Motion for Leave to File Overlength Brief *(Emergency)* filed by Laney Marie Griner, Sam Griner. (Steger, Michael) (Entered: 04/11/2022) |
| 04/12/2022 | 74 | REPLY to Response to 72 Motion for Leave to File Overlength Brief *(Emergency)* filed by Steven Arnold King, King for Congress. (Attachments: # 1 Declaration of M. Keith Blankenship (Third), # 2 Exhibit A – First Amended Complaint–H) (Blankenship, Michael) (Entered: 04/12/2022) |
| 04/12/2022 | 75 | ORDER denying 72 Motion for Leave to Submit Oversize Briefs. Signed by Judge CJ Williams on 4/12/2022. [see ORDER] (kms) (Entered: 04/12/2022) |
| 04/12/2022 | 76 | MOTION for Leave to Appear Pro Hac Vice for Attorney Stephen M. Doniger ( Pro Hac Vice Fee $ 100 receipt number AIANDC–3660243) by Plaintiffs Laney Marie Griner, Sam Griner (Attachments: # 1 Exhibit Cert of Good Standing) (Doniger, Stephen) (Entered: 04/12/2022) |
| 04/12/2022 | 77 | RESPONSE re 75 Order on Motion for Leave to File Overlength Brief *, An Apology to the Court, et al,* by Steven Arnold King, King for Congress (Blankenship, Michael) (Entered: 04/12/2022) |

| | | |
|---|---|---|
| 04/13/2022 | | TEXT ORDER granting 76 Motion for Leave to Appear Pro Hac Vice for Attorney Stephen Doniger on behalf of Plaintiffs Laney Marie Griner and Sam Griner. Upon a review of the Motion and the Certificate of Good Standing, the court finds the Motion should be granted. Signed by Clerk on 4/13/2022. (jag) (Entered: 04/13/2022) |
| 04/15/2022 | 78 | MINUTE Entry for proceedings held before Magistrate Judge Mark A Roberts: Telephonic Motion Hearing held on 4/14/2022 re 65 Motion to Compel *Discovery* filed by King for Congress. Official Court Record: FTR Gold (jag) (Entered: 04/15/2022) |
| 04/15/2022 | 79 | MOTION for Summary Judgment by Plaintiff Laney Marie Griner Responses due by 5/6/2022 (Attachments: # 1 Brief in Support of Motion, # 2 Statement of Undisputed Material Facts, # 3 Appendix) (Steger, Michael) (Entered: 04/15/2022) |
| 04/15/2022 | 80 | MOTION for Summary Judgment by Defendants Steven Arnold King, King for Congress Responses due by 5/6/2022 (Attachments: # 1 Appendix of Evidence and Exhibits (including Atty Aff), # 2 Appendix Table of Contents, # 3 Statement of Material Facts, # 4 Brief) (Blankenship, Michael) (Entered: 04/15/2022) |
| 04/27/2022 | | DOCKET Annotation re 80 Defendant's Motion for Summary Judgment: Hard copy received in CR Clerk's Office (jjh) (Entered: 04/27/2022) |
| 04/28/2022 | 81 | ORDER granting in part and denying in part 65 Motion to Compel Discovery. Signed by Magistrate Judge Mark A Roberts on 04/28/2022. (klh) (Entered: 04/28/2022) |
| 05/06/2022 | 82 | RESISTANCE to 80 Motion for Summary Judgment filed by Laney Marie Griner, Sam Griner. (Attachments: # 1 Supplemental Appendix in Opposition to Motion, # 2 Response to Statement of Material Facts) (Steger, Michael) (Entered: 05/06/2022) |
| 05/06/2022 | 83 | RESISTANCE to 79 Motion for Summary Judgment , Resistance to Motion filed by Steven Arnold King, King for Congress. (Attachments: # 1 Response to Statement of Material Facts, # 2 Appendix of Contrary Facts) (Blankenship, Michael) (Entered: 05/06/2022) |
| 05/11/2022 | | DOCKET Annotation re 79 MOTION for Summary Judgment : Hard copy received in Clerks office. (ksy) (Entered: 05/11/2022) |
| 05/13/2022 | 84 | REPLY BRIEF in Support of 79 Motion for Summary Judgment filed by Laney Marie Griner. (Steger, Michael) (Entered: 05/13/2022) |
| 05/13/2022 | 85 | REPLY BRIEF in Support of 80 Motion for Summary Judgment filed by Steven Arnold King, King for Congress. (Attachments: # 1 Supplement Counterfacts) (Blankenship, Michael) (Entered: 05/13/2022) |
| 05/26/2022 | | DOCKET Annotation re 82 Resistance to 79 Motion for Summary Judgment: Hard copy of documents received in clerk's office. (ksy) Modified to add link on 5/27/2022 (jag) (Entered: 05/26/2022) |
| 08/09/2022 | 86 | ORDER denying 79 Plaintiffs' Motion for Partial Summary Judgment and granting in part and denying in part 80 Defendants' Motion for Summary Judgment. Signed by Judge CJ Williams on 8/9/2022. (jag) (Entered: 08/09/2022) |
| 08/16/2022 | 87 | ORDER Setting Hearing: A telephonic Status Conference is set for 8/16/2022 02:00 PM before Judge CJ Williams (see text of Order for calling instructions). Signed by Judge CJ Williams on 8/16/2022. (skm) (Entered: 08/16/2022) |
| 08/16/2022 | 88 | |

| | | |
|---|---|---|
| | | MINUTE Entry for proceedings held before Judge CJ Williams: Status Conference held on 8/16/2022. Official Court Record: FTR Gold (PNV) (Entered: 08/16/2022) |
| 08/16/2022 | <u>89</u> | MOTION for Reconsideration of <u>86</u> Order on Motion for Summary Judgment, *or, in the Alternative, Leave to Amend* by Plaintiffs Laney Marie Griner, Sam Griner (Attachments: # <u>1</u> Brief in Support of Motion, # <u>2</u> Supplement Proposed SAC – Clean, # <u>3</u> Supplement Proposed SAC – Redlined, # <u>4</u> Text of Proposed Order) (Doniger, Stephen) (Entered: 08/16/2022) |
| 08/17/2022 | <u>90</u> | TRIAL MANAGEMENT ORDER: Witness and exhibit lists exchanged by parties (but not filed) at least 21 days before FPTC. Exhibits marked. Jury Instructions 3 days before FPTC. Motions in limine 21 days before FPTC. Jury Trial, currently scheduled for 9/26/2022, is reset to a date certain 11/14/2022 09:00 AM in Sioux City before Judge CJ Williams. Pretrial Conference is scheduled for 11/14/2022 08:30 AM in Sioux City before Judge CJ Williams. Telephonic Final Pretrial Conference, currently scheduled for 9/12/2022, is reset to 10/31/2022 09:00 AM before Judge CJ Williams. See Order for conference bridge instructions. Proposed Pretrial Order due by 10/28/2022. Signed by Judge CJ Williams on 8/17/2022. (jag) (Entered: 08/17/2022) |
| 09/06/2022 | 91 | TEXT ORDER SETTING SETTLEMENT CONFERENCE: A Settlement Conference will be conducted by Magistrate Judge Stephen B. Jackson, Jr. by videoconference on September 22, 2022 beginning at 9:00 AM. Instructions for participating in the videoconference will be emailed to counsel for the parties. A separate order will be entered setting certain requirements and deadlines for the conference. Signed by Judge Stephen B Jackson on 09/06/2022. (Steele, Amy) (Entered: 09/06/2022) |
| 09/06/2022 | <u>92</u> | ORDER Regarding Settlement Conference. At the request of and in coordination with counsel for the parties, a settlement conference will be conducted via video conference 9/22/2022 09:00 AM before Magistrate Judge Stephen B Jackson (See order text for further information). Signed by Magistrate Judge Stephen B Jackson on 9/6/2022. (des) (Entered: 09/06/2022) |
| 09/09/2022 | <u>93</u> | MOTION for Extension of Time to File a Response Brief re <u>89</u> Motion for Reconsideration of <u>86</u> Order denying Plaintiffs' Motion for Partial Summary Judgment and granting in part and denying in part Motion Defendants' for Summary Judgment and Motion to Strike by Defendants Steven Arnold King, King for Congress Responses due by 9/23/2022 (Blankenship, Michael) (Entered: 09/09/2022) |
| 09/09/2022 | <u>94</u> | RESISTANCE to <u>89</u> Motion for Reconsideration of <u>86</u> Order denying Plaintiffs' Motion for Partial Summary Judgment and granting in part and denying in part Motion Defendants' for Summary Judgment filed by Steven Arnold King, King for Congress. (Blankenship, Michael) (Entered: 09/09/2022) |
| 09/09/2022 | 95 | TEXT ORDER granting <u>93</u> Motion for Extension of Time Deadline to File a Response Brief. The resistance filed at <u>94</u> is deemed timely filed. The deadline for plaintiffs to file a reply to the resistance is extended to 09/16/2022. Signed by Judge CJ Williams on 09/09/2022. (PNV) (Entered: 09/09/2022) |
| 09/15/2022 | <u>96</u> | ORDER: The Court grants–in–part and denies–in–part plaintiffs' <u>89</u> motion for reconsideration. As a result, the Court now denies defendants' <u>80</u> motion for summary judgment against defendant King, and Count I is reinstated against defendant King. The Court also denies as moot defendants' <u>93</u> motion to strike plaintiffs' request for leave to file their proposed Second Amended Complaint. Signed by Judge CJ Williams on 9/15/2022. (jjh) (Entered: 09/15/2022) |

| | | |
|---|---|---|
| 09/22/2022 | 97 | TEXT MINUTE Entry for proceedings held before Magistrate Judge Stephen B Jackson: Settlement Conference held on 9/22/2022. Attorneys Michael Steger and Stephen Doniger appeared for plaintiffs. Attorney M. Keith Blankenship appeared for defendants. Case did not settle. Court Time: 5 hours. (pac) (Entered: 09/22/2022) |
| 10/11/2022 | 98 | MOTION in Limine by Plaintiff Laney Marie Griner (Attachments: # 1 Brief in Support of Motion, # 2 Declaration of Michael D. Steger, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Supplement Schedule A –– Documents Not Produced) (Steger, Michael) Modified text on 10/12/2022 (jag) (Entered: 10/11/2022) |
| 10/11/2022 | 99 | MOTION in Limine by Defendants Steven Arnold King, King for Congress (Attachments: # 1 Exhibit Series 1–8, # 2 Brief In Support of Motion) (Blankenship, Michael) (Entered: 10/11/2022) |
| 10/18/2022 | 100 | BRIEF in Resistance to 99 Motion in Limine filed by Laney Marie Griner. (Attachments: # 1 Declaration of Michael D. Steger, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4) (Steger, Michael) (Entered: 10/18/2022) |
| 10/18/2022 | 101 | RESPONSE to 98 Motion in Limine filed by Steven Arnold King, King for Congress. (Attachments: # 1 Exhibit Sheet) (Blankenship, Michael) (Entered: 10/18/2022) |
| 10/21/2022 | 102 | SUPPLEMENT to 100 Brief in Resistance to 99 Motion in Limine by Laney Marie Griner (Steger, Michael) Modified to add link on 10/24/2022 (jag) (Entered: 10/21/2022) |
| 10/24/2022 | 103 | ORDER Regarding Jury Selection: Any objections to the jury selection procedure set forth must be filed before the telephonic final pretrial conference scheduled for October 31, 2022 (see text of Order). Signed by Judge CJ Williams on 10/24/2022. (skm) (Entered: 10/24/2022) |
| 10/28/2022 | 104 | NOTICE by Laney Marie Griner, Sam Griner *of Lodging of (Proposed) Verdict Form* (Attachments: # 1 Supplement Plaintiff's Proposed Verdict Form) (Doniger, Stephen) (Entered: 10/28/2022) |
| 10/28/2022 | 105 | NOTICE by Laney Marie Griner, Sam Griner *of Lodging of JOINT (PROPOSED) STATEMENT OF THE CASE* (Attachments: # 1 Supplement Joint Proposed Statement of Case) (Doniger, Stephen) (Entered: 10/28/2022) |
| 10/28/2022 | 106 | PROPOSED Jury Instructions by Steven Arnold King, King for Congress. (Blankenship, Michael) (Entered: 10/28/2022) |
| 10/31/2022 | 107 | MINUTE Entry for proceedings held before Judge CJ Williams: Final Pretrial Conference held on 10/31/2022. Official Court Record: FTR Gold (PNV) (Entered: 10/31/2022) |
| 10/31/2022 | 108 | TRIAL SCHEDULING ORDER: Pretrial Conference set for 11/14/2022 at 08:30 AM in Ctrm 3 (3rd Floor) Sioux City before Judge CJ Williams. Jury Selection set for 11/14/2022 at 09:00 AM in Ctrm 3 (3rd Floor) Sioux City before Judge CJ Williams. Jury Trial set to begin 11/14/2022 at 01:00 PM in Ctrm 3 (3rd Floor) Sioux City before Judge CJ Williams. Signed by Judge CJ Williams on 10/31/2022. (jjh) (Entered: 10/31/2022) |
| 11/01/2022 | 109 | ORDER granting in part, denying in part, and holding in abeyance 98 Plaintiffs' Motion in Limine and 99 Defendants' Motion in Limine. Signed by Judge CJ Williams on 11/1/2022. (jag) (Entered: 11/01/2022) |

| 11/02/2022 | 110 | EMERGENCY MOTION to Reconsider 109 Order on Motion in Limine, by Defendants Steven Arnold King, King for Congress (Attachments: # 1 Text of Proposed Order, # 2 Appendix, # 3 Affidavit) (Blankenship, Michael) (Entered: 11/02/2022) |
|---|---|---|
| 11/02/2022 | 111 | BRIEF In Support of 110 Emergency Motion to Reconsider 109 Order on Motion in Limine by Defendants Steven Arnold King, King for Congress (Blankenship, Michael) Modified text and added link on 11/3/2022 (jag) (Entered: 11/02/2022) |
| 11/04/2022 | 112 | STIPULATION of Dismissal With Prejudice *of DOE Defendants* by Laney Marie Griner, Sam Griner (Steger, Michael) (Entered: 11/04/2022) |
| 11/04/2022 | 113 | ORDER With Court Proposed Jury Instructions and Proposed Jury Verdict Forms. The parties are directed to file objections to these instructions by the close of business on Tuesday 11/8/2022. (Attachments: # 1 Proposed Initial Jury Instructions, # 2 Proposed Jury Verdict Forms) (des) (Entered: 11/04/2022) |
| 11/04/2022 | 114 | BRIEF in Resistance to 110 Emergency Motion to Reconsider 109 Order on Motion in Limine, filed by Laney Marie Griner, Sam Griner. (Steger, Michael) (Entered: 11/04/2022) |
| 11/07/2022 | 115 | SEALED Notice of Documents for Voir Dire by Laney Marie Griner, Sam Griner, Steven Arnold King, King for Congress. (Attachments: # 1 Initial Seating Chart, # 2 Attorney Juror List, # 3 Juror Supplemental Questionnaires) (mmc) (Additional attachment(s) added on 11/9/2022: # 4 Additional Supplemental Questionnaires) (mmc). Modified to add additional supplemental questionnaires on 11/9/2022 (mmc). (Entered: 11/07/2022) |
| 11/08/2022 | 116 | ORDER denying 110 Emergency Motion to Reconsider 109 Order on Motion in Limine. Signed by Judge CJ Williams on 11/8/2022. (pac) (Entered: 11/08/2022) |
| 11/08/2022 | 117 | Objection to Jury Instructions by Steven Arnold King, King for Congress . (Attachments: # 1 Appendix of Proposed Modifications) (Blankenship, Michael) (Entered: 11/08/2022) |
| 11/08/2022 | 118 | Objection to Jury Instructions by Laney Marie Griner, Sam Griner re 113 Preliminary Jury Instructions, . Related document: 113 Preliminary Jury Instructions,. (Doniger, Stephen) (Entered: 11/08/2022) |
| 11/09/2022 | 119 | ORDER With Court Final Initial Jury Instructions and Final Jury Verdict Forms. Parties may make a final record regarding their objections when they appear before jury selection on the first day of trial. Signed by Judge CJ Williams on 11/9/2022. (Attachments: # 1 Proposed Initial Jury Instructions, # 2 Revised Jury Verdict Forms) (des) (Entered: 11/09/2022) |
| 11/14/2022 | 120 | Peremptory Challenges for Jury Trial (des) (Entered: 11/14/2022) |
| 11/14/2022 | 121 | MINUTE Entry for proceedings held before Judge CJ Williams: Voir Dire held on 11/14/2022. Official Court Record: Other (PNV) (Main Document 121 replaced on 11/17/2022 to attach complete document) (pac). (Entered: 11/14/2022) |
| 11/14/2022 | 122 | MINUTE Entry for proceedings held before Judge CJ Williams: Jury Trial held on 11/14/2022. Official Court Record: Other (PNV) (Entered: 11/14/2022) |
| 11/16/2022 | 123 | MINUTE Entry for proceedings held before Judge CJ Williams: Day 2 Jury Trial held on 11/15/2022. Official Court Record: Sarah Dittmer reportingwhereur@gmail.com |

| | | |
|---|---|---|
| | | (des) (Entered: 11/16/2022) |
| 11/16/2022 | 124 | PLAINTIFFS Brief *re Fair Use Defense* by Laney Marie Griner (Steger, Michael) (Entered: 11/16/2022) |
| 11/17/2022 | 125 | MINUTE Entry for proceedings held before Judge CJ Williams: Day 3 Jury Trial held on 11/16/2022. Official Court Record: Sarah Dittmer reportingwhereur@gmail.com (des) (Entered: 11/17/2022) |
| 11/18/2022 | 126 | INITIAL Jury Instructions/Final Jury Instructions/Verdict Forms. Signed by Judge Judge CJ Williams on 11/17/2022. (des) (Entered: 11/18/2022) |
| 11/18/2022 | 127 | NOTICE of Filing of Official Transcript of Final Pretrial Conference Proceedings held on 10/31/2022, before Judge CJ Williams. Court Reporter Patrice Murray, Telephone number 319–286–2338, Email Address PAMurrayReporting@gmail.com. Transcript may be viewed at the court public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained from the Court Reporter, the Clerk of Court's office, or PACER. Please see Public Administrative Order No. 08–AO–0009–P in regard to relevant policy and access information on the court's website at www.iand.uscourts.gov. Redaction Request due 12/9/2022. Redacted Transcript Deadline set for 12/19/2022. Release of Transcript Restriction set for 2/16/2023. (jag) (Entered: 11/18/2022) |
| 11/18/2022 | 128 | MINUTE Entry for proceedings held before Judge CJ Williams: Day 4 Jury Trial held on 11/17/2022. Judge orders lunch be provided to the jury during deliberations. Verdict. Official Court Record: Sarah Dittmer reportingwhereur@gmail.com; Shelly Semmler SSemmlerReporting@gmail.com (Attachments: # 1 Witness & Exhibit List, # 2 JERS Exhibits Log, # 3 Plaintiff Exhibit 2, # 4 Plaintiff Exhibit 3, # 5 Plaintiff Exhibit 4, # 6 Plaintiff Exhibit 5, # 7 Plaintiff Exhibit 6, # 8 Plaintiff Exhibit 15, # 9 Plaintiff Exhibit 16, # 10 Plaintiff Exhibit 20, # 11 Plaintiff Exhibit 21, # 12 Plaintiff Exhibit 22, # 13 Plaintiff Exhibit 23, # 14 Plaintiff Exhibit 24, # 15 Plaintiff Exhibit 25, # 16 Plaintiff Exhibit 26, # 17 Plaintiff Exhibit 27, # 18 Plaintiff Exhibit 28, # 19 Plaintiff Exhibit 29, # 20 Plaintiff Exhibit 30, # 21 Plaintiff Exhibit 31, # 22 Plaintiff Exhibit 32, # 23 Plaintiff Exhibit 33, # 24 Plaintiff Exhibit 34, # 25 Plaintiff Exhibit 35, # 26 Plaintiff Exhibit 37, # 27 Plaintiff Exhibit 38, # 28 Plaintiff Exhibit 39, # 29 Plaintiff Exhibit 40, # 30 Plaintiff Exhibit 41, # 31 Plaintiff Exhibit 42, # 32 Plaintiff Exhibit 43, # 33 Plaintiff Exhibit 44, # 34 Plaintiff Exhibit 45, # 35 Plaintiff Exhibit 52, # 36 Plaintiff Exhibit 67, # 37 Plaintiff Exhibit 72, # 38 Plaintiff Exhibit 73, # 39 Plaintiff Exhibit 74, # 40 Plaintiff Exhibit 76, # 41 Plaintiff Exhibit 83, # 42 Plaintiff Exhibit 85, # 43 Plaintiff Exhibit 86, # 44 Plaintiff Exhibit 88, # 45 Plaintiff Exhibit 89, # 46 Plaintiff Exhibit 90, # 47 Plaintiff Exhibit 100, # 48 Plaintiff Exhibit 105, # 49 Plaintiff Exhibit 109, # 50 Plaintiff Exhibit 115, # 51 Plaintiff Exhibit 116, # 52 Defendant Exhibit A2, # 53 Defendant Exhibit A3, # 54 Defendant Exhibit A4, # 55 Defendant Exhibit A5, # 56 Defendant Exhibit A6, # 57 Defendant Exhibit A7, # 58 Defendant Exhibit A16, # 59 Defendant Exhibit A17, # 60 Defendant Exhibit A18, # 61 Defendant Exhibit A23, # 62 Defendant Exhibit A24, # 63 Defendant Exhibit A29, # 64 Defendant Exhibit A30, # 65 Defendant Exhibit A32, # 66 Defendant Exhibit A33, # 67 Defendant Exhibit A34, # 68 Defendant Exhibit A35, # 69 Defendant Exhibit A37, # 70 Defendant Exhibit A39, # 71 Defendant Exhibit A40, # 72 Defendant Exhibit A41, # 73 Defendant Exhibit A42, # 74 Defendant Exhibit A43, # 75 Defendant Exhibit A44, # 76 Defendant Exhibit A45, # 77 Defendant Exhibit A46, # 78 Defendant Exhibit A48, # 79 Defendant Exhibit A52, # 80 Defendant Exhibit A55, # 81 Defendant Exhibit A62, # 82 Defendant Exhibit B1, # 83 Defendant |

| | | Exhibit B2, # 84 Defendant Exhibit B5, # 85 Defendant Exhibit B8, # 86 Defendant Exhibit B9, # 87 Defendant Exhibit B10, # 88 Defendant Exhibit B17, # 89 Defendant Exhibit B21, # 90 Defendant Exhibit B24, # 91 Defendant Exhibit B25, # 92 Defendant Exhibit B26, # 93 Defendant Exhibit B28, # 94 Defendant Exhibit B30, # 95 Defendant Exhibit B31, # 96 Defendant Exhibit B32, # 97 Defendant Exhibit B33, # 98 Defendant Exhibit B34, # 99 Defendant Exhibit B35, # 100 Defendant Exhibit B36, # 101 Defendant Exhibit B37, # 102 Defendant Exhibit B38, # 103 Defendant Exhibit B41, # 104 Defendant Exhibit B42, # 105 Defendant Exhibit C5, # 106 Defendant Exhibit C7, # 107 Defendant Exhibit C12, # 108 Defendant Exhibit C14, # 109 Defendant Exhibit C16, # 110 Defendant Exhibit C24, # 111 Defendant Exhibit C45, # 112 Defendant Exhibit C46, # 113 Defendant Exhibit C47, # 114 Defendant Exhibit C57, # 115 Defendant Exhibit G8, # 116 Defendant Exhibit G11, # 117 Defendant Exhibit G13, # 118 Defendant Exhibit G14, # 119 Defendant Exhibit G15, # 120 Defendant Exhibit G22) (des) (Entered: 11/18/2022) |
|---|---|---|
| 11/18/2022 | 129 | Jury Note to the Court (Attachments: # 1 Unredacted) (des) (Entered: 11/18/2022) |
| 11/18/2022 | 130 | JURY VERDICT in favor of Laney Marie Griner against King For Congress (Attachments: # 1 Unredacted) (des) (Entered: 11/18/2022) |
| 11/18/2022 | 131 | JUDGMENT in favor of Laney Marie Griner against King for Congress in the amount of $750.00. Signed by Clerk on 11/18/2022. (des) (Entered: 11/18/2022) |
| 12/01/2022 | 132 | BILL of Costs by Laney Marie Griner, Sam Griner Responses due by 12/15/2022 Check Status Deadline due by 12/21/2022. (Attachments: # 1 Declaration of Michael D. Steger In Support Thereof, # 2 Exhibit A to Steger Declaration) (Doniger, Stephen) (Entered: 12/01/2022) |
| 12/01/2022 | 133 | MOTION to Amend Judgment and for Award of Bill of Costs by Steven Arnold King, King for Congress Responses due by 12/15/2022. Check Status Deadline due by 12/21/2022. (Attachments: # 1 Exhibit Concerning Fees and Rule 68 Offer, # 2 Brief In Support of Motion, # 3 Affidavit of J Wright) (Blankenship, Michael) Modified to a motion per CJW chambers on 12/2/2022 (kms). (Entered: 12/02/2022) |
| 12/02/2022 | 134 | BILL of Costs by Steven Arnold King, King for Congress Responses due by 12/16/2022 Check Status Deadline due by 12/22/2022. (Attachments: # 1 Exhibit Da Vinci's Notebook, # 2 Exhibit Shuck Firm, # 3 Exhibit Trial Transcript) (Blankenship, Michael) (Entered: 12/02/2022) |
| 12/02/2022 | 135 | DECLARATION of J. Wright re Appropriateness of Fees re 134 Bill of Costs by Steven Arnold King, King for Congress (Blankenship, Michael) Modified docket text on 12/2/2022 (jag) (Entered: 12/02/2022) |
| 12/02/2022 | 136 | (WITHDRAWN) MOTION to Amend Judgment by Defendants Steven Arnold King, King for Congress (Blankenship, Michael) Modified text per 138 on 12/5/2022 (jag) (Entered: 12/02/2022) |
| 12/02/2022 | 137 | MOTION to Amend/Replace Pre–existing Motions re 135 Declaration of J. Wright, 133 Motion to Amend Judgment, and 134 Bill of Costs, by Defendants Steven Arnold King, King for Congress (Blankenship, Michael) (Entered: 12/02/2022) |
| 12/02/2022 | 138 | WITHDRAWAL of 136 Motion to Amend Judgment by Steven Arnold King, King for Congress (Blankenship, Michael) (Entered: 12/02/2022) |
| 12/02/2022 | 139 | BILL of Costs *(Replacement)* by Steven Arnold King, King for Congress Responses due by 12/16/2022 Check Status Deadline due by 12/22/2022. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Supplement to A0133, including Rule 68 motion, # 2 Brief, # 3 Exhibit) (Blankenship, Michael) (Entered: 12/02/2022) |
| 12/02/2022 | 140 | MOTION to Amend Judgment by Defendants Steven Arnold King, King for Congress (Attachments: # 1 Brief) (Blankenship, Michael) . (Entered: 12/02/2022) |
| 12/02/2022 | 141 | MOTION for Attorney Fees by Plaintiff Laney Marie Griner (Attachments: # 1 Brief in Support of Motion, # 2 Declaration of Michael D. Steger, # 3 Declaration of Stephen M. Doniger, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C) (Steger, Michael) (Entered: 12/02/2022) |
| 12/02/2022 | 142 | MOTION to Amend 131 Judgment by Plaintiff Laney Marie Griner (Attachments: # 1 Brief in Support of Motion) (Steger, Michael) (Entered: 12/02/2022) |
| 12/15/2022 | 143 | NOTICE of Filing of Official Transcript of Jury Trial Proceedings (Volume 1 of 5) held on 11/14/2022, before Judge C.J. Williams. Court Reporter Sarah J Dittmer, Telephone number 888−388−2723, Email Address reportingwhereur@yahoo.com. Transcript may be viewed at the court public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained from the Court Reporter, the Clerk of Court's office, or PACER. Please see Public Administrative Order No. 08−AO−0009−P in regard to relevant policy and access information on the court's website at www.iand.uscourts.gov. Redaction Request due 1/5/2023. Redacted Transcript Deadline set for 1/15/2023. Release of Transcript Restriction set for 3/15/2023. (klh) (Entered: 12/15/2022) |
| 12/15/2022 | 144 | NOTICE of Filing of Official Transcript of Jury Trial Proceedings (Volume 2 of 5) held on 11/15/2022, before Judge C.J. Williams. Court Reporter Sarah J Dittmer, Telephone number 888−388−2723, Email Address reportingwhereur@yahoo.com. Transcript may be viewed at the court public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained from the Court Reporter, the Clerk of Court's office, or PACER. Please see Public Administrative Order No. 08−AO−0009−P in regard to relevant policy and access information on the court's website at www.iand.uscourts.gov. Redaction Request due 1/5/2023. Redacted Transcript Deadline set for 1/15/2023. Release of Transcript Restriction set for 3/15/2023. (klh) (Entered: 12/15/2022) |
| 12/15/2022 | 145 | NOTICE of Filing of Official Transcript of Jury Trial Proceedings (Volume 3 of 5) held on 11/16/2022, before Judge C.J. Williams. Court Reporter Sarah J Dittmer, Telephone number 888−388−2723, Email Address reportingwhereur@yahoo.com. Transcript may be viewed at the court public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained from the Court Reporter, the Clerk of Court's office, or PACER. Please see Public Administrative Order No. 08−AO−0009−P in regard to relevant policy and access information on the court's website at www.iand.uscourts.gov. Redaction Request due 1/5/2023. Redacted Transcript Deadline set for 1/15/2023. Release of Transcript Restriction set for 3/15/2023. (klh) (Entered: 12/15/2022) |
| 12/15/2022 | 146 | NOTICE of Filing of Official Transcript of Jury Trial Proceedings (Volume 4 of 5) held on 11/17/2022, before Judge C.J. Williams. Court Reporter Sarah J Dittmer, Telephone number 888−388−2723, Email Address reportingwhereur@yahoo.com. Transcript may be viewed at the court public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained from the Court Reporter, the Clerk of Court's office, or PACER. Please see Public Administrative Order No. 08−AO−0009−P in regard to relevant |

| | | |
|---|---|---|
| | | policy and access information on the court's website at www.iand.uscourts.gov. Redaction Request due 1/5/2023. Redacted Transcript Deadline set for 1/15/2023. Release of Transcript Restriction set for 3/15/2023. (klh) (Entered: 12/15/2022) |
| 12/15/2022 | 147 | NOTICE of Filing of Official Transcript of Trial Proceedings (Volume 5 of 5) held on 11/17/2022, before Judge C.J. Williams. Court Reporter Shelly Semmler, Telephone number 712–233–3846, Email Address ssemmlerreporting@gmail.com. Transcript may be viewed at the court public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained from the Court Reporter, the Clerk of Court's office, or PACER. Please see Public Administrative Order No. 08–AO–0009–P in regard to relevant policy and access information on the court's website at www.iand.uscourts.gov. Redaction Request due 1/5/2023. Redacted Transcript Deadline set for 1/15/2023. Release of Transcript Restriction set for 3/15/2023. (klh) (Entered: 12/15/2022) |
| 12/16/2022 | 148 | BRIEF in Resistance to 140 Motion to Amend 131 Judgment filed by Laney Marie Griner. (Steger, Michael) (Entered: 12/16/2022) |
| 12/16/2022 | 149 | RESISTANCE to 137 Motion to Amend/Replace Pre–existing Motions re 135 135 Declaration of J. Wright, 133 Motion to Amend Judgment, and 134 Bill of Costs, filed by Laney Marie Griner, Sam Griner. (Attachments: # 1 Declaration of Stephen M. Doniger) (Doniger, Stephen) (Entered: 12/16/2022) |
| 12/19/2022 | 150 | NOTICE of Appeal as to 131 Judgment by Steven Arnold King, King for Congress. Filing fee $ 505, receipt number AIANDC–3820007. (Shuck, Daniel) (Entered: 12/19/2022) |
| 12/19/2022 | 151 | RESISTANCE to 141 Motion for Attorney Fees filed by Steven Arnold King, King for Congress. (Blankenship, Michael) (Entered: 12/19/2022) |
| 12/20/2022 | 152 | RESISTANCE to 142 Motion to Amend 131 Judgment filed by Steven Arnold King, King for Congress. (Blankenship, Michael) (Entered: 12/20/2022) |
| 12/20/2022 | 153 | NOA Supplement and Transmission of Notice of Appeal to US Court of Appeals re 150 Notice of Appeal Case Number due by 12/23/2022. (klh) (Entered: 12/20/2022) |
| 12/21/2022 | 154 | USCA Case Number 22–3623 for 150 Notice of Appeal filed by Steven Arnold King, King for Congress. (klh) (Entered: 12/21/2022) |
| 12/22/2022 | 155 | REPLY BRIEF to re 142 MOTION to Amend/Correct 131 Judgment filed by Laney Marie Griner. (Steger, Michael) (Entered: 12/22/2022) |
| 12/23/2022 | 156 | REPLY BRIEF to re 141 MOTION for Attorney Fees filed by Laney Marie Griner. (Steger, Michael) (Entered: 12/23/2022) |
| 12/23/2022 | 157 | REPLY BRIEF to re 141 MOTION for Attorney Fees filed by Steven Arnold King, King for Congress. (Blankenship, Michael) (Entered: 12/23/2022) |
| 12/23/2022 | 158 | REPLY BRIEF to re 141 MOTION for Attorney Fees *Declaration of M. Blankenship* filed by Steven Arnold King, King for Congress. (Blankenship, Michael) (Entered: 12/23/2022) |
| 12/23/2022 | 159 | REPLY BRIEF to re 140 MOTION to Amend/Correct 130 Jury Verdict, 131 Judgment filed by Steven Arnold King, King for Congress. (Blankenship, Michael) (Entered: 12/23/2022) |
| 01/18/2023 | 160 | |

| | | |
|---|---|---|
| | | ORDER denying 133 Motion to Alter Judgment; granting 137 Motion to Amend/Replace Pre−Existing Motions; denying 140 Motion to Amend Judgment; and denying 142 Motion to Amend Judgment. Signed by Judge CJ Williams on 1/18/23. (ksy) (Entered: 01/18/2023) |
| 02/22/2023 | 161 | ORDER: The Court denies both parties' motions for attorney's fees, but grants−in−part and denies−in−part both parties' motions for costs (Docs. 139 Bill of Costs and 141 Motion for Attorney Fees). Defendants are awarded $4,103.50 in costs. Plaintiffs are awarded $4,283.65. Signed by Judge CJ Williams on 2/22/2023. (skm) Modified text to correct link on 2/22/2023 (skm). (Entered: 02/22/2023) |
| 02/22/2023 | 162 | JUDGMENT for Costs: Plaintiffs are hereby awarded $4,283.65 in costs. Defendants are awarded $4,103.50 in costs. Signed by Clerk on 2/22/2023. (skm) (Entered: 02/22/2023) |
| 02/22/2023 | | SUPPLEMENTAL Record on Appeal transmitted to US Court of Appeals, Appeals court case number 22−3623. Notification to print: 160 Order, 161 Order and 162 Judgment for Costs. (skm) (Entered: 02/22/2023) |
| 02/28/2023 | 163 | USCA Briefing Schedule Order re 150 Notice of Appeal filed by Steven Arnold King, King for Congress. Transcript due by 4/5/2023. (Attachments: # 1 USCA Cover Letter)(klh) (Entered: 02/28/2023) |
| 03/29/2023 | 164 | ORDER of USCA as to 150 Notice of Appeal filed by Steven Arnold King, King for Congress. The motion to substitute or amend the existing notice of appeal is denied. The amended notice of appeal will be forwarded to the district clerk in accordance with Rule 4(d) of the Federal Rules of Appellate Procedure. The briefing schedule will be held in abeyance pending transmission of the amended notice of appeal. The motion to reset the briefing schedule and to extend the deadline for Appellant's opening brief is denied as moot. (klh) (Entered: 03/29/2023) |
| 04/04/2023 | 165 | SUBSTITUTE Notice of Appeal 150 Notice of Appeal (Attachments: # 1 USCA Letter to Clerk) (klh) (Entered: 04/04/2023) |
| 04/04/2023 | 166 | CLERK'S Certified and Transmitted Record on Appeal to US Court of Appeals re 165 Substitute Notice of Appeal. (klh) (Entered: 04/04/2023) |
| 05/04/2023 | 167 | SUBSTITUTE Notice of Appeal re 150 Notice of Appeal (Attachments: # 1 USCA Letter to Counsel)(klh) (Entered: 05/04/2023) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

LANEY MARIE GRINER and
SAM GRINER,

       Plaintiffs,

vs.

STEVEN ARNOLD KING and
KING FOR CONGRESS,

       Defendants.

No. 21-CV-4024-CJW-MAR

**ORDER**

_____

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................. 3

II.    BACKGROUND ................................................................. 3

    A.   Factual Background ................................................. 3

    B.   Procedural History ................................................. 4

III.   ATTORNEY'S FEES ......................................................... 5

    A.   Defendants' Motion for Attorney's Fees ....................... 5

        1.   The Effect of An Offer of Judgment on Attorney's Fees ........... 5

        2.   Copyright Claim ................................................. 9

            a.   Applicable Law ................................................. 9

            b.   Analysis ................................................. 10

1

3.  Invasion of Privacy Claim……………………………………15

B.  Plaintiffs' Motion for Attorney's Fees……………………………16

IV. RECOVERING COSTS………………………………………………21

A.  Post-Offer Costs……………………………………………21

1.  Applicable Law ………………………………………22

2.  Defendants' Post-Offer Costs…………………………………24

a.  Trial Transcript Estimate…………………………24

b.  Copying Costs…………………………………25

3.  Plaintiffs' Post-Offer Costs …………………………………26

B.  Pre-Offer Costs……………………………………………27

1.  Applicable Law …………………………………………27

2.  Defendants' Pre-Offer Costs……………………………27

3.  Plaintiffs' Pre-Offer Costs……………………………………28

V. CONCLUSION ……………………………………………………29

Appellate Case: 23-2117  Page: 21  Date Filed: 05/05/2023 Entry ID: 5273799 May 5 2023 21

# I.    INTRODUCTION

This matter is before the Court on defendants' motion for attorney's fees filed within their bill of costs (replacement) (Doc. 139) and plaintiffs' motion for attorney's fees (Doc. 141).   Both parties resisted each others' motions.[1]   (Docs. 149; 151).   Both parties replied.   (Docs. 156; 157).   For the following reasons, the Court **denies** both parties' motions for attorney's fees, but **grants-in-part** and **denies-in-part** both parties' motions for costs.

# II.    BACKGROUND

This case involves alleged infringements of a copyrighted photographic work and an unauthorized use of a person's likeness.   The Court will discuss additional facts and law as they become necessary to its analysis.

## A.    *Factual Background*

Plaintiffs Laney Marie Griner ("Laney") and Sam Griner ("Sam") are individuals residing in Jacksonville, Florida.   (Doc. 16, at 2).   Plaintiff Laney owns the registered copyright in a photograph of plaintiff Sam (the "Subject Photograph") that formed the basis of a popular Internet meme titled "Success Kid."   (Doc. 79-2, at 1-2).   Plaintiff Laney licensed the Subject Photograph commercially to advertisers Vitamin Water and Virgin Mobile, among others.   (*Id.*, at 2).

Defendant Steven King ("King") is a former Congressman.   (Doc. 80-3, at 5).   Defendant King for Congress ("Committee") is a campaign committee for defendant Steve King that owns and operates a website at www.steveking.com ("the website"), and posts various videos and pictures on the website to raise money from political donors for

---

[1] Defendants did not timely file their resistance (Doc. 151) in violation of LR 7(e).   On Friday, December 2, 2022, plaintiffs filed their motion for attorney's fees.   (Doc. 141).   LR 7(e) prescribes that defendants resisting this motion must file a resistance within 14 days after service of the motion.   Defendants' resistance was due on Friday, December 16, 2022.   They however, filed their resistance only on Monday, December 19, 2022.

3

defendant King's campaign. (*Id.*, at 2, 5). Defendant Committee owns or controls the Facebook Page, a Twitter account, a Flickr account, a Winred page, and their own website. (Doc. 79-3, at 115).

During defendant King's campaign in 2020, defendant Committee used an independent contractor named Michael Stevens to create and circulate memes throughout social media. (Doc. 80-3, at 6). Defendant King, Jeff King (the Campaign Manager), and Michael Stevens, are "involved in making or editing the Steve King pages[.]" (Doc. 79-3, at 115-16). Michael Stevens created a Meme Action Post ("the Post") incorporating part of the Subject Photograph. (Doc. 80-3, at 3, 6). The Post places the image of plaintiff Sam on a different background than that of the Photograph. (*Id.*, at 3). The Post was displayed on a Winred, Inc. server and on defendant Committee's Facebook Page. (Docs. 80-3, at 3, 4, and 6; 79-3, at 3, 106).

### B. *Procedural History*

On December 30, 2020, plaintiffs filed a complaint against defendants Steven King, Committee, Winred, Inc., and Does 1–10 in the United States District Court for the District of Columbia. (Doc. 1). On April 7, 2021, plaintiffs filed an amended complaint naming the same defendants but including more factual allegations against all defendants. (Docs. 16; 17-1). On May 3, 2021, plaintiffs voluntarily dismissed claims against Winred, Inc. (Doc. 28). On May 17, 2021, the remaining defendants filed a first motion to dismiss for lack of personal jurisdiction and failure to state a claim, as well as a motion to transfer case. (Doc. 29). On June 2, 2021, both parties moved to transfer this matter to the Northern District of Iowa. (Doc. 32). On June 21, 2021, the case was so transferred. (Doc. 34).

On July 21, 2021, defendants filed a second motion to dismiss for failure to state a claim. (Doc. 43). The Court denied that motion. (Doc. 57). Plaintiffs and

4

defendants then filed cross motions for summary judgment. (Docs. 79; 80). The Court denied these motions as well. (Docs. 86; 96).

On October 3, 2022, defendants extended an offer of judgment to plaintiffs under Rule 68 of the Federal Rules of Civil Procedure. (Doc. 139-3, at 39, 41, 44-45). Plaintiffs did not accept.

A jury trial was held on this matter between November 14, 2022, and November 18, 2022. (Docs. 121; 122; 123; 125; 128). The jury granted a verdict in favor of plaintiff, finding that defendant Committee committed innocent infringement of the Success Kid Photograph. (Doc. 130, at 3). The Court thus entered judgment in favor of Laney Griner for $750. (Doc. 131).

The parties filed post-trial motions and timely resisted each other's motions.

### III. ATTORNEY'S FEES

#### A. Defendants' Motion for Attorney's Fees

Defendants move for costs and fees of this action under Rule 68 of the Federal Rules of Civil Procedure. (Doc. 139-2, at 2). For the following reasons, the Court finds that defendants are not entitled to attorney's fees. Although Rule 68 of the Federal Rules of Civil Procedure entitles defendants to a consideration of attorney's fees under the Copyright Act, that award of attorney's fees is still subject to the Court's discretion as guided by several factors. In this case, those factors do not support an award of attorney's fees to defendants.

##### 1. The Effect of An Offer of Judgment on Attorney's Fees

Rule 68 of the Federal Rules of Civil Procedure provides:

(a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party

Appellate Case: 23-2117   Page: 24   Date Filed: 05/05/2023 Entry ID: 5273762   May 5 2023   24

may then file the offer and notice of acceptance, plus proof of service.
The clerk must then enter judgment.

(b) Unaccepted Offer.   An unaccepted offer is considered withdrawn, but
it does not preclude a later offer.   Evidence of an unaccepted offer is
not admissible except in a proceeding to determine costs.

(c)  Offer After Liability is Determined.   When one party's liability to
another has been determined but the extent of liability remains to be
determined by further proceedings, the party held liable may make an
offer of judgment. It must be served within a reasonable time—but at
least 14 days--before the date set for a hearing to determine the extent
of liability.

(d)  Paying Costs After an Unaccepted Offer.   If the judgment that the
offeree finally obtains is not more favorable than the unaccepted offer,
the offeree must pay the costs incurred after the offer was made.

FED. R. CIV. P. 68.

"[A]ll costs properly awardable in an action are to be considered within the scope
of Rule 68 'costs.'"   *Marek v. Chesny*, 473 U.S. 1, 9 (1985).   "Thus, absent
congressional expressions to the contrary, where the underlying statute defines 'costs' to
include attorney's fees, we are satisfied such fees are to be included as costs for purposes
of Rule 68."   *Id*.   The *Marek* Court then concluded that because the underlying statute
"awarded attorney's fees 'as part of the costs,'" such fees are "subject to the cost-shifting
provision of Rule 68."   *Id*.

The Court of Appeals for the Eighth Circuit has held that when "a plaintiff . . .
refuses an offer of judgment under Rule 68 and later fails to receive a more favorable
judgment[,]"attorney's fees "are awardable to defendants . . . only if the underlying
statute awards such fees."   *O'Brien v. City of Greers Ferry*, 873 F.2d 1115, 1120 (8th
Cir. 1989).   There, the court followed the First Circuit's reasoning in *Crossman v.*

6

*Marcoccio*, 806 F.2d 329 (1st Cir. 1986), and held "a plaintiff who refuses an offer of judgment under Rule 68 and later fails to receive a more favorable judgment must pay the defendant's post-offer costs." *O'Brien*, 873 F.2d at 1120; *Pittari v. Am. Eagle Airlines, Inc.*, 468 F.3d 1056, 1064 (8th Cir. 2006). The *O'Brien* court further held "attorney's fees are awardable to defendants in such cases only if the underlying statute awards such fees." *O'Brien*, 873 F.2d at 1120; *see Borup v. CJS Sols. Grp., L.L.C.*, 333 F.R.D. 142, 148 (D. Minn. 2019).

Turning to the Copyright Act, the question becomes when or whether a plaintiff who prevails in a copyright suit for less than a defendant's Rule 68 offer must pay that defendant's attorney's fees under Section 505. Section 505 provides that in a copyright action:

> [T]he court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except where otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

It is true Section 505 defines attorney's fees as part of the costs. The question under *Marek* and its progeny, however, is whether "congressional expressions to the contrary" indicate when or whether attorney's fees are not part of the costs. *Marek*, 473 U.S. at 9. In finding this, the Court must give full effect to each word of the statute. *Liu v. Sec. & Exch. Comm'n*, 140 S. Ct. 1936, 1948 (2020) ("[C]ourts must give effect, if possible, to every clause and word of a statute.") (citation omitted).

Here, under Section 505, the Court may provide "recovery of full costs by or against any party" subject to exceptions inapplicable here, but may only provide "reasonable attorney's fees to the *prevailing* party[.]" 17 U.S.C. § 505 (emphasis added). To give full effect to every word of the statute, the Court thus finds that Section

505 permits attorney's fees only to prevailing parties, not every party.[2]  Thus, the Court holds a plaintiff who prevails in a copyright suit for less than a defendant's Rule 68 offer must pay that defendant's attorney's fees under Section 505 only if that defendant was a prevailing party.

Contrary to defendants' argument, Rule 68 does not override the Court's discretion in awarding attorney's fees in copyright disputes.[3]  (Doc. 139-2, at 5) (citing *Perkins*, 138 F.3d at 338).   To give full effect to every word of the statute, the Court also notes Section 505 permits only *reasonable* attorney's fees.   *See* 17 U.S.C. § 505 ("[T]he court *may* also award a reasonable attorney's fee . . . .") (emphasis added).   The Supreme Court held in *Fogerty v. Fantasy, Inc.* that the text of Section 505 grants the Court discretion in awarding attorney's fees.   510 U.S. 517, 524 n.11 (1994) (noting that "the plain language of § 505" indicates that "district courts are to use their discretion in awarding attorney's fees and costs to the prevailing party"); *id.*, at 533 ("The word 'may' clearly connotes discretion.").   As a result, the application of Rule 68 does not override the Court's discretion to award attorney's fees.   Thus, the Court turns to whether defendants are properly entitled to attorney's fees under Section 505 of the Copyright Act.

---

[2] This finding is in concert with many, but not all Courts of Appeals.   *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1246 n.6 (11th Cir. 2002) (collecting cases).

[3] Defendants' citation to *Perkins* is misplaced: *Perkins* did not hold that a court has no discretion to follow the mandatory language of Rule 68, but instead stated there is "no discretion in the district court to do anything other than enter judgment once an offer of judgment has been accepted."   *Perkins*, 138 F.3d at 338.   Here, plaintiffs did not accept the offer of judgment.

8

### 2. Copyright Claim

#### a. Applicable Law

"[I]t is the general rule in this country that unless Congress provides otherwise, parties are to bear their own attorney's fees." *Fogerty*, 510 U.S. at 533 (citation omitted). In a copyright action, a district court "in its discretion may . . . award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505; *Killer Joe Nev., L.L.C. v. Does 1-20*, 807 F.3d 908, 911 (8th Cir. 2015). "In copyright infringement cases, generally, the prevailing party is one who succeeds on a significant issue in the litigation that achieves some of the benefits the party sought in bringing suit." *Christopher & Banks Corp. v. Dillard's, Inc.*, 805 F. Supp. 2d 693, 696-97 (S.D. Iowa 2011) (quoting *Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 488 F.3d 352, 362 (6th Cir. 2007) (further citations omitted). Accordingly, "a party's success on a claim that is purely technical or de minimis does not qualify him as a prevailing party." *Id.* (citation omitted).

In copyright litigation, however, attorney's fees are not awarded to the prevailing party automatically or as a matter of course. *See Fogerty*, 510 U.S. at 533 (noting no presumption for fee awards in Copyright Act claims). Instead, the Court "should give substantial weight to the objective reasonableness of the losing party's position" and then retains discretion to make an award "even when the losing party advanced a reasonable claim or defense." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 199-200 (2016). The Court must exercise this discretion "in an evenhanded manner by considering factors such as whether the lawsuit was frivolous or unreasonable, the losing litigant's motivations, the need in a particular case to compensate or deter, and the purposes of the Copyright Act." *Action Tapes, Inc. v. Mattson*, 462 F.3d 1010, 1014 (8th Cir. 2006) (citing *Fogerty*, 510 U.S. at 534, n.19); *Killer Joe Nev.*, 807 F.3d at 911;

Appellate Case: 23-2117    Page: 28    Date Filed: 05/05/2023 Entry ID: 5273783    May 5 2023    28

*Designworks Homes, Inc. v. Thomson Sailors Homes, L.L.C.*, 9 F.4th 961, 964 (8th Cir. 2021).

While "*one* of the goals of the Copyright Act is to discourage infringement, . . . the Copyright Act['s purposes] are more complex, more measured, than simply maximizing the number of meritorious suits for copyright infringement." *Fogerty*, 510 U.S. at 526. Instead, "copyright law ultimately serves the purpose of enriching the general public through access to creative works[.]" *Id.*, at 527. As a result, "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Id.* In other words, the Court must view all the circumstances of the case in light of the Copyright Act's "two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work." *Ferman v. Jenlis, Inc.*, No. 16-CV-00074, 2016 WL 7187888, at *1 (S.D. Iowa Dec. 5, 2016) (citing *Kirtsaeng*, 579 U.S. at 204).

### b. Analysis

Here, defendant King is a prevailing party with regard to the copyright infringement claim because he succeeded in a significant issue in the litigation—his personal liability. Defendant Committee seeks to assert that it is a prevailing party chiefly on the strength of the low damages the jury awarded against it and its rhetoric concerning copyright trolls. (Doc. 139-2, at 6). The Court disagrees. However defendants cast this outcome in practical terms, defendant Committee did not prevail with regard to the copyright infringement claim: they were found liable for copyright infringement, even if it was innocent copyright infringement. Thus, defendant Committee is not a prevailing party.

In any event, even if the Court found that both defendants were prevailing parties, the Court would not award attorney's fees to either. Defendants primarily argue that

Rule 68 entitles them to a mandatory award of attorney's fees, without any analysis of the requisite factors. (Docs. 139-2). Plaintiffs resisted, offering an analysis of the factors. (Doc. 149). In its reply, defendants make overtures to these factors. (Doc. 157).

The Court first considers the objective reasonableness of plaintiffs' claims. *Kirtsaeng*, 579 U.S. at 199. Plaintiffs assert without argument that their positions both factually and legally were not "objectively unreasonable." (Doc. 149, at 12). The Court agrees. In *Designworks Homes, Inc. v. Thomson Sailors Homes, L.L.C.,* a court ruling on attorney's fees found copyright claims objectively unreasonable when plaintiffs "produced no direct or circumstantial evidence" of access and substantial similarity. *Designworks Homes, Inc. v. Thomson Sailors Homes, L.L.C.*, No. 18-0189-CV-W, 2019 WL 7593366, at *2 (W.D. Mo. Dec. 13, 2019), *aff'd* 9 F.4th 961, 964 (8th Cir. 2021). Here in contrast, the jury, following the law of copyright infringement, found that defendant Committee had committed copyright infringement in the way plaintiffs described. (Doc. 130). Moreover, the Court denied directed verdict in favor of defendant King, ruling that a reasonable jury could find defendant King was vicariously liable for defendant Committee's infringement. Thus, these claims were objectively reasonable.

Giving substantial deference to this objective reasonableness, the Court turns to the other factors. Keeping in mind the Copyright Act's ultimate purpose to enrich the general public through access to creative works through both rewarding labor and clarifying the boundaries of copyright, the Court must consider "whether the lawsuit was frivolous or unreasonable, the losing litigant's motivations, the need in a particular case to compensate or deter, and the purposes of the Copyright Act." *Killer Joe Nev., LLC*, 807 F.3d at 911 (*quoting Action Tapes, Inc.*, 462 F.3d at 1014); *Fogerty*, 510 U.S. at 527, 534 n.19.

Appellate Case: 23-2117    Page: 30    Date Filed: 05/05/2023 Entry ID: 5273749    May 5 2023  30

As a preliminary matter, the Courts finds plaintiffs' copyright claims against both parties were not frivolous. As the Court noted earlier, a reasonable jury could have found defendant King was personally liable for copyright infringement. And, the jury did find defendant Committee liable for copyright infringement.

Turning to plaintiffs' motivations, defendants appear to assert in its reply plaintiffs' motivations justify an award of attorney's fees to defendants because there was no business rationale to sue defendants. (Doc. 157, at 2). Defendants assert plaintiffs could only maintain the positive return on investment for this litigation due to their fee-arrangements with counsel and plaintiffs' lack of involvement in the litigation (*Id.*, at 3), but these are not grounds on which to rest fees or discern motivations. The purposes of the Copyright Act do not turn on the arrangement of the parties with their counsel.

Defendants also appear to assert—presumably relating to plaintiffs' motivations—that plaintiffs could have chosen to not litigate, because the only actual damages were $20, and because the Committee issued a public apology. (Doc. 157, at 3). Though these arguments appear to fit best under plaintiffs "motivations to sue," they fail in justifying the award of attorney's fees to defendants.

First, one purpose of the Copyright Act is to discourage infringement. *Fogerty*, 510 U.S. at 526. Although plaintiffs could have chosen not to litigate, plaintiffs had the choice to litigate under the statutory scheme, were "entitled to respond within the bounds of the law," and were "under no obligation to employ a minimum-impact litigation strategy." *Killer Joe Nev., L.L.C. v. Leaverton*, No. C 13-4036, 2014 WL 3547766, at *7 (N.D. Iowa July 17, 2014), *aff'd sub nom.*, *Killer Joe Nev., LLC v. Does 1-20*, 807 F.3d 908 (8th Cir. 2015). As later explained in this Order, plaintiffs are not guaranteed that the attorney's fees "generated by [their] strategy of choice [will] be compensated." *Id.* But that is a different question from whether plaintiffs' litigation behavior would entitle defendants to attorney's fees.

Appellate Case: 23-2117   Page: 31   Date Filed: 05/05/2023 Entry ID: 5273708   May 5 2023   31

Moreover, the fact of low actual damages is not grounds for awarding attorney's fees for defendants, because the Copyright Act provides statutory damages in cases of difficult-to-discern actual damages, which plaintiffs elected. That is, even if the damages were low, plaintiffs could earn damages from the fact of infringement.[4] Nor does the public apology entitle defendants to attorney's fees; copyright liability and damages do not turn solely on intent, and defendant Committee was held liable for innocent infringement.

In resistance, plaintiffs asserted they enforced these claims with the motivation to protect plaintiff Laney's copyright from an unauthorized commercial use. (Doc. 149, at 12). Given the evidence at trial and the jury verdict, it is unclear whether plaintiffs would have enforced their claims for this kind of use were it not for defendants' identity. Even so, after considering the substantial weight to the objective reasonableness of plaintiffs' copyright claim and their choice to litigate under the statutory scheme, the Court finds plaintiffs' motivations do not weigh in favor of attorney's fees to defendants.

The Court also does not find a need to compensate defendants or deter plaintiffs or similarly situated plaintiffs in this case. First, defendants make no argument on compensation. (Doc. 139-2). Defendants appear to make something like an argument related to deterrence when it characterizes this litigation as a "fight against a copyright troll that routinely, successfully extorted more in litigation threats . . . than actual licensing or commercialization" and assert that the Court's judgment benefits "troll

---

[4] Defendants further assert plaintiffs' settlement offers of five figures is more than the statutory maximum. (Doc. 133-2, at 8). This is incorrect: the Court instructed the jury that it could award up to $30,000 for each work infringed, but if it found willful infringement, it could "award as much as $150,000 for each work willfully infringed." (Doc. 126, at 43).

Appellate Case: 23-2117     Page: 32     Date Filed: 05/05/2023 Entry ID: 5273762     May 5 2023     32

victims." (Doc. 133-2, at 8). But as applied to these facts, defendants' analysis about whether plaintiffs' behavior fits copyright troll behavior is mere supposition.[5]

Also, the results plaintiffs achieved here are in themselves sufficient to deter similarly situated plaintiffs from engaging in alleged trolling efforts. Though plaintiffs plausibly and properly alleged a reasonable claim of infringement against defendants, they did not materially benefit from victory. The jury found the infringement innocent and granted the minimum amount of statutory damages permitted by the Court's instructions, an amount far below the costs plaintiffs incurred. Moreover, any rational litigant facing these facts would be aware that the combination of defendant Committee's take down of the infringing Post and the short duration of the infringement would point more to innocent infringement than willful infringement. Considering this evidence, rational copyright holders could have easily reduced their fee demands or settled this case before trial.

As for the purposes of the Copyright Act, the Court finds that attorney's fees in favor of defendants would not further serve the purposes of copyright law. Again, the Court must view all the circumstances of the case in light of the Copyright Act's "two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work." *Ferman*, 2016 WL 7187888, at *1 (citing *Kirtsaeng*, 579 U.S. at 204). Here, plaintiffs leveled a meritorious copyright infringement claim and defendants leveled well-established copyright defenses and earned a finding of innocent infringement. Adhering to the general rule that parties "bear their own attorney's fees"

---

[5] The Court has dealt with previous businesses that aggressively licensed architectural businesses at scale. *Design Basics, L.L.C. v. Spahn & Rose Lumber Co.*, No. 19-CV-1015, 2021 WL 493415, at *1 (N.D. Iowa Feb. 10, 2021), on reconsideration in part, No. 19-CV-1015, 2021 WL 7186126 (N.D. Iowa May 11, 2021).

14

will strike an appropriate balance between these goals. *Fogerty*, 510 U.S. at 533; *Ferman*, 2016 WL 7187888, at \*3.

For these reasons, then, giving substantial weight to the objective reasonableness of plaintiffs' claims and considering the factors prescribed by *Fogerty*, the Court denies any award of attorney's fees to defendants on the copyright claim. The Court thus does not make any factual finding regarding a reasonable amount of attorney's fees.

### 3. Invasion of Privacy Claim

Defendants appear to seek attorney's fees out of plaintiff Sam Griner's invasion-of-privacy claim. (Doc. 139-2, at 10). To the extent defendants make this request, the Court denies it.

The Court heard the Iowa invasion-of-privacy claims through its supplemental jurisdiction. Thus, the *Erie* doctrine also applies. *See Felder v. Casey*, 487 U.S. 131, 151 (1988) ("Under *Erie R. Co. v. Tompkins*, 304 U.S. 64, . . . when a federal court exercises diversity or pendent jurisdiction over state-law claims, 'the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.'" (citing *Guar. Tr. Co. v. York*, 326 U.S. 99, 109 (1945)). Because rules governing the right to attorney's fees are substantive for *Erie* purposes, the Court applies state law. *Woods Masonry, Inc. v. Monumental Gen. Cas. Ins.*, 198 F. Supp. 2d 1016,1039 (N.D. Iowa Apr. 23, 2002) (collecting cases). In a diversity case "where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975) (citation omitted); *Lamb Eng'g & Const. Co. v. Neb. Pub. Power Dist.*, 103 F.3d 1422, 1434 (8th Cir. 1997) (collecting cases); *Liquid Cap. Exch.,*

Appellate Case: 23-2117     Page: 34     Date Filed: 05/05/2023 Entry ID: 5273706     May 5 2023   34

*Inc. v. BDC Grp., Inc.*, No. 20-CV-89, 2022 WL 15045058, at *3 (N.D. Iowa Oct. 26, 2022).

Under Iowa law, "[a]bsent express statutory authorization, each party to a lawsuit ordinarily bears its own attorney fees." *Lee v. State*, 906 N.W.2d 186, 197 (Iowa 2018) (citations omitted); *Smith v. Iowa State Univ. of Sci. & Tech.*, 885 N.W.2d 620, 623 (Iowa 2016). Here, neither party points to any statute or contractual provision that permits the recovery of attorney's fees out of Iowa invasion-of-privacy claims. Because attorney's fees are not "properly awardable" for this claim, *Marek,* 473 U.S. at 9, Rule 68 does not entitle defendants to post-offer attorney's fees arising out of the invasion-of-privacy claim. For that reason, the Court **denies** defendants' motion for attorney's fees arising out of the state-law claims.

### B. Plaintiffs' Motion for Attorney's Fees

Plaintiffs also move for attorney's fees. (Doc. 141-1, at 2). Defendants resist. (Doc. 151). As a preliminary matter, the Court finds plaintiff Laney is a prevailing party because the jury entered a verdict in her favor with respect to defendant Committee. (Doc. 130). However, exercising its statutorily-granted discretion, the Court denies attorney's fees.

Again, the Court "should give substantial weight to the objective reasonableness of the losing party's position" and then retains discretion to make an award "even when the losing party advanced a reasonable claim or defense." *Kirtsaeng*, 579 U.S. at 199-200. The Court must exercise this discretion "in an evenhanded manner by considering factors such as whether the lawsuit was frivolous or unreasonable, the losing litigant's motivations, the need in a particular case to compensate or deter, and the purposes of the Copyright Act." *Action Tapes*, 462 F.3d at 1014 (citing *Fogerty*, 510 U.S. at 534, n. 19); *Killer Joe Nev.*, 807 F.3d at 911; *Designworks Homes*, 9 F.4th at 964.

16

The Court first finds defendants' positions objectively reasonable, contrary to plaintiffs' argument. (Doc. 141-1, at 6). Specifically, defendants offered credible defenses against the claim of copyright infringement; at the close of evidence, the Court granted plaintiffs' motion for a directed verdict on the affirmative defense of implied license, but denied plaintiffs' motion for directed verdict as to the other affirmative defenses finding that a reasonable jury could find plaintiff Laney had abandoned her copyright or that defendants' use was fair use. (Doc. 145, at 288). That the jury later rejected these defenses (Doc. 130) does not make them objectively unreasonable.

Giving substantial weight to this finding of objective reasonableness, the Court turns to the other factors. Plaintiffs assert the factors of "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence" support an award of attorney's fees. (Doc. 141-1, at 3). For the reasons the Court found defendants' arguments reasonable, it finds they were not frivolous. (Doc. 141-1, at 5).

Plaintiffs make several arguments citing its victory over defendants' affirmative defenses as a justification for attorney's fees.[6] (Doc. 141-1, at 5-6). At trial, defendants withdrew their implied licenses defense and the jury rejected their abandonment and fair use defenses. (Doc. 130). But because "it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible . . . defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement."

---

[6] The Court rejects plaintiffs' argument that the low amount of damages awarded here favor large attorney's fees. (Doc. 141-1, at 4-5) (citing *Gonzales v. Transfer Techs., Inc.*, 301 F.3d 608, 610 (7th Cir. 2002). That argument contemplated "real, and especially a willful, infringement." (Id.). But here, the jury found the infringement innocent. (Doc. 130).

*Fogerty,* 510 U.S. at 527.   Thus, the Court rejects plaintiffs' arguments that its victory entitles it to attorney's fees.

Plaintiffs next argue their own claims were both legally and factually reasonable (Doc. 141-1, at 6).   In response, defendants resist, arguing again that plaintiffs' focus and costs accrued in litigating this case should not entitle them to attorney's fees.   (Doc. 151, at 6) (citing *Pearson Educ., Inc. v. Almgren,* 685 F.3d 691, 696 (8th Cir. 2012)). The Court agrees with defendants.   Though it does not read *Pearson* to starkly warn copyright holders from fully litigating their claims against accused infringers, *Pearson* does appropriately note that a full litigation of claims does not guarantee the compensation of attorney's fees.   (Doc. 151, at 7).   Thus, although plaintiffs' claims were reasonable enough to survive summary judgment and directed verdict, the reasonableness of their own claims are not relevant or supportive to their claim of attorney's fees.

Plaintiffs also accuse defendants of unreasonable settlement positions as a justification for attorney's fees because those unreasonable settlement positions increased the costs of litigating.   (Doc. 141-1, at 8)[7].   Plaintiffs also state defendants purportedly continued litigating to punish plaintiff Laney for complaining about defendant Committee's use of her son's image.   (Doc. 141-1, at 2).   The Court does not find these accusations persuasive: the jury found the infringement innocent, defendants removed the infringing photograph, and defendants made a public apology.   To the extent plaintiffs again assert defendants multiplied the costs of the litigation through unreasonable and

---

[7] Plaintiffs disparage defendants' delay in presenting a Rule 68 offer far less than the costs and attorney's fees borne at the time.   (Doc. 141-1, at 7).   But defendants did not delay.   The parties must make a Rule 68 offer at least 14 days before trial.   FED. R. CIV. P. 68(a). Defendants made this offer in a timely manner, on October 3, 2022, when trial was scheduled in November.

18

untenable affirmative defenses, the Court already rejected attorney's fees on the basis of defendants' affirmative defenses, for the reasons stated earlier.

Moreover, plaintiffs' citation to *Studio A Entertainment, Inc. v. Action DVD* for the proposition that settlement behavior can give rise to attorney's fees is unavailing on its face. (Doc. 141-1, at 7) (citing *Studio A Ent., Inc. v. Action DVD*, 658 F. Supp. 2d 851, 855 (N.D. Ohio 2009). There, the court instructed that fees would deter others from bad faith settlement behavior where liability is conceded and the amount of damages are prescribed by statute. Here, in contrast, defendants had not conceded liability at the time of the settlement negotiations.

Plaintiffs assert their motivation in filing suit against defendants "was proper and aligned with the Copyright Act." (Doc. 141-1, at 5). Specifically, they assert that they intended to "protect the integrity of her original artistic works (and by extension her ability to license that work)." (*Id.*). Though this is not one of the factors listed by *Fogerty*, the Court notes that it corresponds to one of the purposes of the Copyright Act. Even so, the Court finds it is outweighed by considerations of defendants' motivations: the jury found defendant Committee's infringement to be innocent. As a result, the Court finds this factor does not favor attorney's fees.

Turning to questions of compensation and deterrence, plaintiffs argue that allowing plaintiff Laney to recover her fees furthers the purpose of copyright law by rewarding her for pursuing her right under the Act and encouraging and rewarding authors' creations. (Doc. 141-1, at 8). Specifically, plaintiffs assert that the lack of fee awards will eat at monies plaintiff Laney can invest in her future photography. (*Id.*). But plaintiffs do not show in the record that plaintiff Laney is working on future photographs or selling other photographs. Although the Court is not negatively commenting on her

19

artistic endeavors, her mere assertion that she seeks funds to invest in her future photography is not a ground on which to award her attorney's fees.[8]

Plaintiffs assert defendant Committee must be deterred because it was "acting on behalf of a United States Congressman who voted on important copyright legislation yet created no policies to respect copyright in promoting his candidacy." (Doc. 141-1, at 8). The Court, however, derives no additional deterrence value from awarding attorney's fees in this scenario. The difference between awarding fees against a former Congressman and awarding fees against private citizens who also created no policies to respect copyright would be tantamount to punishing the Congressman for his vote and position, potentially running afoul of the Speech and Debate Clause.

Plaintiffs also assert defendants must be deterred from "a strategy of unreasonable settlement offers and 'scorched earth' defense tactics" to increase the cost of enforcing copyright interests. (Doc. 141-1, at 8). But the Court disagrees that defendants' Rule 68 offer of $15,000 was unreasonable, certainly in view of the jury verdict for low damages.[9] Moreover, as noted above, the jury found defendant Committee's infringement to be innocent. (Doc. 130). Although innocent infringement is still infringement, the Court finds an award of attorney's fees would not further deter defendants from copyright infringement in this case.

As for the purposes of the Copyright Act, the Court finds that attorney's fees in favor of plaintiffs would not further serve the purposes of copyright law. Again, the Court must view all the circumstances of the case in light of the Copyright Act's "two subsidiary aims: encouraging and rewarding authors' creations while also enabling others

---

[8] Plaintiffs' focus on plaintiffs' relative financial resources is also unavailing. (Doc. 141-1, at 8). Even if the Court could consider the parties' relative financial resources, both parties put forward evidence showing relatively low wealth.

[9] Again, the low amount of damages awarded, even on a claim for statutory damages, indicates that rational parties would have crafted a resolution to this matter before trial.

to build on that work." *Ferman*, 2016 WL 7187888, at \*1 (citing *Kirtsaeng*, 579 U.S. at 204). Here, plaintiffs leveled a meritorious copyright infringement claim and defendants leveled well-established copyright defenses and earned a finding of innocent infringement. Adhering to the general rule that parties "bear their own attorney's fees" will strike an appropriate balance between these goals. *Fogerty*, 510 U.S. at 533; *Ferman*, 2016 WL 7187888, at \*3.

For these reasons, the Court **denies** plaintiffs' motion for attorney's fees. The Court thus does not make any factual finding regarding a reasonable amount of attorney's fees.

## IV.    RECOVERING COSTS

Both parties also request the Court tax costs in their favor. Title 17, United States Code Section 505 provides that in a copyright suit, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. Because defendants made a Rule 68 Offer that plaintiffs did not accept, the Court conducts a different analysis for costs incurred before the offer and costs incurred after the offer. The Court first analyzes parties' entitlement to post-offer costs, and then analyzes parties' entitlement to pre-offer costs.

### A.    Post-Offer Costs

Defendants assert they are entitled to costs under Rule 68 because they made an offer to plaintiffs, unaccepted, that was in excess of the amount the jury awarded plaintiff Laney at trial. (Doc. 139-2, at 5). Plaintiffs resist, arguing that the Rule 68 offer of $15,000 "included all costs and fees incurred and did not seem to be a reasonable offer at the time it was made." (Doc. 149, at 7). Plaintiffs further assert this argument depends on the Court's ruling: if the Court awarded plaintiffs' attorney's fees, then they will have beaten the Rule 68 offer. (*Id.*).

Appellate Case: 23-2117    Page: 40    Date Filed: 05/05/2023 Entry ID: 5273743    May 5 2023    40

As noted above, the Court **denied** plaintiffs' motions for attorney's fees. Thus, plaintiffs did not beat defendants' Rule 68 offer. For that reason, defendants are entitled to "costs incurred after the offer was made." FED. R. CIV. P. 68(d). Rule 68 does not entitle defendants to pre-offer costs, and defendants do not make any arguments to that extent. (Doc. 139-2, at 10). And again, defendants are not entitled to attorney's fees, characterized as "post-offer non-traditional costs." (Doc. 139-2, at 10). Thus, the Court turns only to the amount defendants claim for their post-offer traditional costs, in an amount of $4,495.69. (Docs. 139, at 1; 139-2, at 14). Plaintiffs challenge these costs as well. (Doc. 149, at 12-13).

### 1. *Applicable Law*

Under Rule 68, if a plaintiff rejects a defendant's offer of judgment, and if the judgment finally obtained by the plaintiff is not more favorable than the offer, the plaintiff must pay the costs incurred by the defendant after the offer was made. *Perkins*, 138 F.3d at 338; *see, e.g.*, *O'Brien*, 873 F.2d at 1120 (holding "a plaintiff who refuses an offer of judgment under Rule 68 and later fails to receive a more favorable judgment must pay the defendant's post-offer costs").

Title 28, United States Code, Section 1920 states that the following six expenses are taxable as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this [T]itle [28, United States Code, Section 1923];
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this [T]itle [28, United States Code, Section 1828].

The Court of Appeals for the Eighth Circuit has not spoken on whether Rule 68 entitles defendants to costs beyond those enumerated in Title 28, United States Code, Section 1920. Other courts, however, have ruled that it does not, unless the substantive law applicable to that cause of action expands the general Section 1920 definition. *See Parkes v. Hall*, 906 F.2d 658, 660 (11th Cir. 1990) ("The rule we derive from the foregoing cases is that the costs which are subject to the cost-shifting provisions of Rule 68 are those enumerated in 28 U.S.C. § 1920, unless the substantive law applicable to the particular cause of action expands the general § 1920 definition."); *Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1278 n.7. (10th Cir. 2011) (same); *Zackaroff v. Koch Transfer Co.*, 862 F.2d 1263, 1265 (6th Cir. 1988); *Denny v. Westfield State Coll.*, 880 F.2d 1465, 1471 (1st Cir. 1989); *Leroy v. City of Houston*, 831 F.2d 576, 584 (5th Cir. 1987); *Phillips v. Bartoo*, 161 F.R.D. 352, 354 (N.D. Ill. 1995). Despite the operation of Rule 68, then, defendants are only entitled to fees permitted by Section 1920.

In general, "[a] prevailing party is presumptively entitled to recover all of its costs." *Thompson v. Wal–Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006) (internal quotation marks and citation omitted); *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 897 (8th Cir. 2009). But the Court bears the responsibility to determine which fees are taxable under Section 1920. "Section 1920 imposes 'rigid controls on cost-shifting in federal courts,' and 'absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's . . . costs, federal courts are bound by the limitations set out in' [S]ection 1920." *Nicholson v. Biomet, Inc.*, 537 F. Supp. 3d 990, 1036 (N.D. Iowa 2021), *aff'd*, 46 F.4th 757 (8th Cir. 2022) (internal citations omitted) (alterations in original). "If Section 1920 does not discuss a subject that could encompass the requested fees, the Court does not permit recovery of those fees." *Liquid Cap. Exch., Inc.*, 2022 WL 15045058, at *12 (citing *Nicholson*, at 537 F. Supp. 3d 1036).

23

### 2. *Defendants' Post-Offer Costs*

Defendants claim $4,495.69 in Post-Offer Costs. (Doc. 139-2, at 9, 10). These comprise multiple charges for purchasing Ink, purchasing Exhibit Materials, and an estimate of the trial transcript from the court reporter after the conclusion of trial. (Doc. 139-3, at 10, 14, 19, and 51). Even though defendants are entitled to post-offer costs under Rule 68, the Court finds that their requested costs are not properly taxable under Section 1920.

### a. *Trial Transcript Estimate*

Trial transcripts are properly awardable under Section 1920(2) if they are "necessarily obtained for use in the case[.]" 28 U.S.C. § 1902(2). Contrary to plaintiffs' argument (Doc. 149, at 14-15), trial transcripts may be "necessarily obtained for use in the case" even if procured for purposes of post-trial motions or appeal. *Baker v. John Morrell & Co.*, 263 F. Supp. 2d 1161, 1207–08 (N.D. Iowa 2003), aff'd, 382 F.3d 816 (8th Cir. 2004) (citing *McDowell v. Safeway Stores, Inc.*, 758 F.2d 1293 (8th Cir. 1985) (per curiam)); *see also Parada v. Anoka Cnty.*, 555 F. Supp. 3d 663, 687 (D. Minn. 2021), aff'd, 54 F.4th 1016 (8th Cir. 2022). Courts focus on various factors in determining whether a transcript was necessary for use in a particular case, including:

> [T]he length of the trial, the complexity of the issues, whether the transcript would minimize disagreement over the testimony of the witnesses, whether portions of the transcript were freely introduced in later hearings, whether the case was tried to the court or before a jury, and whether proposed findings of fact were required.

*Baker*, 263 F. Supp. 2d at 1207-08 (citing CHARLES ALAN WRIGHT, ET AL., 10 FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 2677, at 438–43 (1998) (footnotes omitted)).

The jury trial was four days, but the relative lack of complexity and few legal issues argued and raised by defendants in post-trial motions counsels against finding the trial transcript was "necessarily obtained." Further, defendants do not provide any

Appellate Case: 23-2117    Page: 43    Date Filed: 05/05/2023 Entry ID: 5273743    May 5 2023    43

further clarification in the pleadings on the amount they paid for these trial transcripts, or if they ever indeed paid for these transcripts.[10]  Due to this lack of information, on the pleadings before the Court, the Court cannot determine whether defendants "obtained" the trial transcripts for use in the case, let alone "necessarily obtained" those transcripts.  Thus, the Court cannot tax the cost of these transcripts.

### b.  Copying Costs

With regard to defendants' costs for ink for printing, plaintiffs argue defendants "have provided no detail sufficient for the Court to evaluate the claimed printing costs." (Doc. 149, at 13).  Plaintiffs specifically argue that defendants have not shown "how many pages they printed, how those pages were necessarily obtained for use in the case, or how said printing justifies full payment for multiple printer cartridges." (*Id.*). Defendants explain "[c]opy and preparation fees are expressly taxable, and most courts generally ask that copy fees be correlated to copy fees in the geographic region." (Doc. 157, at 6).  Defendants state they expended these printer-cartridges "to create the multiple binders for the . . . exhibits that were necessary for trial." (Doc. 139-2, at 9-10).

As a preliminary matter, the Court notes defendants initially appeared to be asserting printing costs under Section 1920(3), not copying costs under Section 1920(4). (Doc. 139-2, at 10).  The printing costs, unlike the copying costs, are statutorily not limited to cases "necessarily obtained for use in the case."  28 U.S.C. § 1920(3)-(4). Defendants, however, later characterize their fees as copying rather than printing.  (Doc.

---

[10]  On its own investigation and consultation with the Court Reporter, the Court found defendants ordered copy fees at 90 cents a page.  This sums up to 1,065 pages, or $958.50.  (Docs. 143, at 296; 144, at 322; 145, at 333; 146, at 106; 147, at 8).  That amount is less than defendants' request.  (Doc. 139-3, at 51).

Appellate Case: 23-2117     Page: 44     Date Filed: 05/05/2023 Entry ID: 5273702     May 5 2023  44

157, at 6).  The Court thus holds defendants to their argument and construes defendants as asserting copying fees under Section 1920(4).

Defendants thus must show the copies were "necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  "Amounts sought for copy expenses must be documented or itemized in such a way that the Court can meaningfully evaluate the request."  *Finan v. Good Earth Tools, Inc.*, No. 06-CV-878, 2008 WL 1805639, at *11 (E.D. Mo. Apr. 21, 2008), aff'd, 565 F.3d 1076 (8th Cir. 2009) (citation omitted); *McLelland v. Ridge Tool Co.*, 350 F. Supp. 3d 773, 779 (W.D. Ark. 2018).

Here, defendants assert they incurred the ink costs "to create the multiple binders for the . . . exhibits that were necessary for trial."  (Doc. 139-2, at 9-10); *see* (Docs. 139-3, at 10, 14, and 19).  Other than stating that defendants incurred these expenses to build the exhibits, the Court cannot determine whether these expenditures were necessarily obtained.  There is no indication of how much ink defendants originally had, or how much extra ink defendants incurred, or how much of the ink here defendants used.  On this record, it is entirely possible defendants used only a single cartridge and kept the rest for use for future litigation against different parties.  *See Finan*, 2008 WL 1805639, at *11 (denying an award of "inadequately documented" photocopy costs).  Thus, for this reason the Court will not tax these costs for defendants.

### 3.    *Plaintiffs' Post-Offer Costs*

The Court denied plaintiffs' motions for attorney's fees.  Thus, plaintiffs did not beat defendants' Rule 68 offer.  As a result, relevantly here, plaintiffs themselves are not entitled to post-offer costs from defendants.  FED. R. CIV. P. 68.  "[A] party who fails to accept an offer of judgment within ten days and thereafter recovers a less favorable result may not recover her own post-offer costs (including attorney's fees), even where they would otherwise be available, and also must pay the offeror's post-offer costs."

26

*B.L. Through Lax v. District of Columbia*, 517 F. Supp. 2d 57, 60 (D.D.C. 2007) (citing *Marek*, 473 U.S. at 10); *Boisson v. Banian Ltd.*, 221 F.R.D. 378, 382 (E.D.N.Y. 2004).

The offer of judgment was dated on October 3, 2022. (Doc. 139-3, at 39, 41). Thus, plaintiffs are not entitled to costs accrued after October 3, 2022. It appears plaintiffs' only post-October 3, 2022, costs are the $4,738.58 for Mr. Clark's attendance at trial. (Doc. 132-1, at 3). The Court, therefore, will not award plaintiffs these post-offer costs.

### B.    Pre-Offer Costs

The Court now turns to the pre-offer costs that both parties assert.

### 1.    Applicable Law

Under Federal Rule of Civil Procedure 54(d)(1), the Court should tax costs in favor of a prevailing party. Again, there is a presumption in favor of taxing costs in favor of the moving party, but only if these costs are enumerated under Section 1920. *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015) (citing 28 U.S.C. § 1920); *Craftsmen Limousine*, 579 F.3d at 897. "Section 1920 imposes 'rigid controls on cost-shifting in federal courts,' and 'absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's . . . costs, federal courts are bound by the limitations set out in' [S]ection 1920." *Nicholson*, 537 F. Supp. 3d at 1036 (alterations in original) (citation omitted). If Section 1920 does not discuss a subject that could encompass the requested fees, the Court does not permit recovery of those fees. *Liquid Cap. Exch., Inc.*, 2022 WL 15045058, at *12 (citation omitted).

### 2.    Defendants' Pre-Offer Costs

Defendants assert $4,103.50 from a deposition transcript of Laney Griner on April 29, 2022 (Doc. 139-3, at 2) and $2,585.00 for a video record of that deposition (*Id.*, at 5). These fall under "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" under Section 1920(2). 28 U.S.C. § 1920(2). Though

Appellate Case: 23-2117    Page: 46    Date Filed: 05/05/2023 Entry ID: 5273749    May 5 2023    46

plaintiffs assert defendants cannot charge for both (Doc. 149, at 14), the Eighth Circuit has held otherwise. *Stanley*, 784 F.3d at 467 ("[Section] 1920(2) permits taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case."). "But '[b]efore awarding such costs, the court should determine that transcripts were not obtained primarily for the convenience of parties but were necessary for use in the case.'" *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 431 (8th Cir. 2017) (alteration in original) (citing *McDowell*, 758 F.2d at 1294); *see e.g.*, *E.E.O.C. v. CRST Van Expedited, Inc.*, No. 97-CV-95, 2010 WL 520564, at *6 (N.D. Iowa Feb. 9, 2010), *vacated on other grounds sub nom.*, 670 F.3d 897 (8th Cir. 2012).

Plaintiffs here assert defendants are not entitled to video deposition recording expenses because they did not use video testimony at trial and thus the video depositions were not a necessary expense for this case. (Doc. 149, at 13). Defendants do not address this argument in their reply. (Doc. 157). In their motions, defendants offer no indication of why it needed both stenographic transcripts and video records, or why the stenographic transcripts would have been insufficient for trial or for appeal. In fact, as plaintiffs note, defendants did not use video testimony at trial even as defendants relied upon the stenographic transcripts in their questioning. For that reason, the Court finds, based on this record, that the video depositions were not necessary to the case, while the stenographic transcripts were necessary. It thus **denies** the video costs but **grants** the stenographic transcripts costs: $4,103.50 (Doc. 139-3 at 2).

### 3. Plaintiffs' Pre-Offer Costs

Plaintiffs assert the following pre-offer costs: $402 for the filing fee (Doc. 132-1, at 1); and $4,283.65 in fees for transcripts of necessary depositions of witnesses who testified at trial in this case, which consists of $2,224.20 for the transcript of Mrs. Griner's deposition and $421.65 for the transcript of Samuel Griner's deposition (Doc.

28

132-2, at 5-6); $531.45 for the deposition transcript of Jeff King, the designated Rule 30(b)(6) deponent of King for Congress (*Id.*, at 8); and $1,106.35 for the deposition of Steven King, who was also a witness for King for Congress. (*Id.*, at 9).

Under Federal Rule of Civil Procedure 54(d)(1), the Court should tax costs in favor of a prevailing party. The $402 incurred in the filing fees falls under "fees of the clerk and marshal[.]" 28 U.S.C. § 1920(1). As for the transcripts, the Court finds these deposition transcripts "necessarily obtained for use in the case[,]" as each witness testified at trial. *Id.* § 1920(4).

Thus, the Court **awards** these costs to plaintiffs.

## V. CONCLUSION

The Court **denies** both parties' motions for attorney's fees, but **grants-in-part** and **denies-in-part** both parties' motions for costs. (Docs. 139, 141.) Defendants are awarded $4,103.50 in costs. Plaintiffs are awarded $4,283.65.

**IT IS SO ORDERED** this 22nd day of February, 2023.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

29

# UNITED STATES DISTRICT COURT

### for the

Northern District of Iowa

LANEY MARIE GRINER and SAM GRINER )
_____ )
*Plaintiff* )
v. ) Civil Action No.   21-CV-4024-CJW-MAR
STEVEN ARNOLD KING and KING FOR CONGRESS )
_____ )
*Defendant* )

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐ the plaintiff *(name)* _____ recover from the
defendant *(name)* _____ the amount of
_____ dollars ($ _____ ), which includes prejudgment
interest at the rate of _____ %, plus post judgment interest at the rate of _____ % per annum, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____
_____ recover costs from the plaintiff *(name)* _____
_____ .

☑ other:   Plaintiffs are hereby awarded $4,283.65 in costs. Defendants are awarded $4,103.50 in costs (Order at
Doc. 161).

This action was *(check one)*:

☐ tried by a jury with Judge _____ presiding, and the jury has
rendered a verdict.

☐ tried by Judge _____ without a jury and the above decision
was reached.

☑ decided by _____ Judge C.J. Williams _____ on Motions for Attorney Fees.

Date:   February 22, 2023                         *CLERK OF COURT*

                                        s/Sarah K. Melvin, for the Clerk of Court
                                        _____
                                        *Signature of Clerk or Deputy Clerk*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA

GRINER, LANEY MARIE, and
GRINER, SAM

       Plaintiff

       v.

KING, STEVEN A., and
KING FOR CONGRESS

       Defendants

Docket No.5:21-cv-4024

## SUBSTITUTE NOTICE OF APPEAL

Notice is hereby given that King For Congress and Steven A. King in the above named case hereby appeals to the United States Court of Appeals for the Eight Circuit from the entry of judgment against it in this action on November 17, 2022 and February 22, 2023.

## I. GROUNDS OF APPEAL

Defendants appeals the following without reservation:

(A) <u>Implied License</u>. Pursuant to a Rule 50 motion, the district court ruled that Defendants' defense of implied license was denied as a matter of law. Defendant hereby appeals this ruling.

(B) <u>Fair Use</u>. The jury verdict found the Defendants' recourse to the defense of 'fair use' not to apply. Defendants hereby appeal this finding.

(C) <u>Estoppel and Misuse</u>. When selecting jury instructions, the district court ruled that the defenses of "estoppel" and "misuse" did not belong in the jury instructions. Defendants hereby appeal this ruling.

(D) <u>Preemption</u>. The district court ruled that the Copyright Act did not preempt the tort of 'Invasion of Privacy: Appropriation' categorically. However, Defendant asserted that partial preemption applied under the specific circumstances alleged in pleadings and proffered at trial, rather than a categorical preemption. Defendants appeal this ruling.

(E) <u>Copyright Infringement Burden of Proof</u>. When a copyrighted work is subjected to extraordinarily voluminous use, a court may decide to alter the burden of proof to require a copyright-plaintiff to prove that a defendant's use was unlicensed. When Defendants asked that the Court so rearrange the burden of proof, it declined, and Defendants appeals this ruling.

(F) <u>(Quasi) Expert Testimony</u>. The district court allowed a damages witness, that arguably could have been considered an expert witness, that (i) did not disclose an expert report at any time, (ii) that did not provide a damages calculation until after the close of discovery, (iii) was not named as a witness *at all* until the close of discovery, and (iv) provided testimony at trial that lacked any correlation to the belated damages calculation. Defendant accordingly appeals.

(G) <u>Privilege Log</u>. Pursuant to a Motion to Compel, Magistrate Judge Mark Roberts ordered Plaintiffs to produce a privilege log. They never did. When Plaintiffs posited new theories of the case concerning damages after the close of discovery Defendants asked the Court to renew its order to have Plaintiffs produce a privilege log. The Court refused, and Defendants appeal this ruling.

(H) Evidence Law: Unfair Prejudice. The district court specifically forbad Defendant's evidence concerning certain activities of the Plaintiff Laney Griner as concerns her use of co-plaintiff, and son, Sam Griner. These evidence specifically include, among other topics, publicity of the copyrighted work from Laney Griner concerning sexual topics and marijuana. The district court ruled over Defendants' objection, as paraphrased, that Defendants would only be allowed to cover publicity that was subject to a paid commercial licensing agreement. The Court's ruling was a blanket order for a wide variety of evidence. Defendants, believing that formal payment is a distinction without a difference as concerns the reputation of a brand, accordingly appeals.

(I) Evidence Law: Relevance/Unfair Prejudice. The district court specifically forbad Defendants' evidence concerning certain inflammatory public statements by the Plaintiff Laney Griner concerning Defendants as well as her motivations for litigation threats against the Defendants. The district court took the position that political statements and overt political endorsements of the Plaintiff were not relevant (and/or unfairly prejudicial). Defendants took the position that because Plaintiff Laney Griner complained about the diminution of the brand of the copyright, having been tainted by Defendants' use with political considerations, that it was appropriate to demonstrate that the brand of the copyright had significant, negative pre-existing political considerations unrelated to any alleged use by Defendants. Furthermore, the statements by Plaintiff were carefully crafted, irrespective to their accuracy and truthfulness, to attract media attention starved for content to assail Defendants. Defendants accordingly appeal.

(J) <u>Costs and Fees.</u> Copyright law allows the awarding of costs and fees to the prevailing party. Although the Plaintiffs lost five of the six jury rulings, prevailing only so far as the jury found King for Congress to be an "innocent" infringer and awarding Plaintiff Laney Griner the minimum statutory amount. Defendant, Steve King, deserved attorneys' fees as a 'prevailing party,' the Committee deserved its attorneys' fees pursuant to a refused Fed. R. Civ. P 68 offer that exceed the final award – and perhaps as a prevailing party as well. The Court declined to grant Defendants any measure of attorneys' fees. Defendants hereby appeal.

(K) <u>Fed. R. Civ. P. 68</u>. Defendants offered Plaintiffs a Fed. R. Civ. P. 68 offer of $15,000.00, an amount equivalent to the latest, maximum indication of damages in Plaintiffs' Fed. R. Civ. P. 26 disclosures. Defendants in post-trial motions asked for "costs" to include a limited award of attorneys' fees under Fed. R. Civ. P. 68, and the Court declined. This was an abuse of discretion, and Defendants hereby appeal.

(L) <u>Remittitur.</u> It is probably a case of first impression in this Circuit as to whether remittitur under 17 U.S.C. § 504 is an equitable activity to be engaged post-trial or during-trial. This Court held the latter, and refused remittitur. Defendants appeal this holding.

(M) <u>Copy Fees</u>. Copy fees are expressly allowed as "costs and fees" post-judgment. Rather than rely on copy shops, which generally are going extinct outside of metropolises, Defendants' counsel brought office equipment with them. Rather than pay for "copies," Defendants modestly asked for a reimbursement of printer/copier ink. Neither Defendants ask for a paper reimbursement. This empirically resulted in a 50-

80% savings on "copying" to Plaintiffs (if standard rates are used), who nevertheless

objected and the Court agreed. Defendants appeal this holding

Dated: March 24, 2023

Respectfully submitted,

By M. Keith Blankenship

M. Keith Blankenship, Esq.
Attorney for Applicant
VSB# 70027
Da Vinci's Notebook, LLC
9000 Mike Garcia
No. 52
Manassas, VA 20109
703-581-9562
keith@dnotebook.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2022 I have filed electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notice of such filing to the counsel of record who are registered with the CM/ECF system.

_____/s/_____
M. Keith Blankenship

# United States Court of Appeals
## *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

Michael E. Gans
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

April 03, 2023

Mr. Clerk, U.S. District Court, Northern Iowa
U.S. DISTRICT COURT
Northern District of Iowa
301 U.S. Courthouse
320 Sixth Street
Sioux City, IA 51102-0000

RE: 22-3623 Laney Griner v. Steven King

Dear Clerk:

Pursuant to this court's order of 3/28/23, attached please find a copy of appellant's amended notice of appeal.

Michael E. Gans
Clerk of Court

CAH

Enclosure(s)

cc:    Mr. Michael K. Blankenship
       Mr. Stephen Doniger
       Mr. William J. Hale
       Mr. Daniel B. Shuck
       Mr. Michael D. Steger

District Court/Agency Case Number(s): 5:21-cv-04024-CJW