**22-3623 and 23-2117**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

---

LANEY MARIE GRINER; SAM GRINER

*Plaintiffs-Appellees*,

v.

STEVEN ARNOLD KING; KING FOR CONGRESS,

*Defendants-Appellants*.

---

APPEAL FROM THE UNITED STATES DISTRICT
COURT
FOR THE NORTHERN DISTRICT OF IOWA IN
CASE NO. 5:21-CV-4024, C.J. WILLIAMS, JUDGE.

---

### BRIEF OF APPELLEES

---

DONIGER / BURROUGHS
Stephen M. Doniger, Esq.
Michael D. Steger, Esq.
stephen@donigerlawfirm.com
msteger@donigerlawfirm.com
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Counsel for Plaintiffs-Appellees.*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

In accordance with Federal Rule of Appellate Procedure 26.1, the undersigned counsel for Plaintiffs-Appellees state that Plaintiffs-Appellees Laney Marie Griner and Sam Griner are natural persons.

Dated: October 5, 2023                    Respectfully submitted,

By:    */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Michael D. Steger, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiffs-Appellees*

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT…………………………………..i

TABLE OF CONTENTS……………………………………………………..ii

TABLE OF AUTHORITIES…………………………………………....v

I.     STATEMENT OF THE CASE AND PROCEDURAL

       HISTORY………………………………………………………....1

II.    INTRODUCTION AND SUMMARY OF ARGUMENT …………………4

III.   STANDARDS OF REVIEW…………………………………………..7

IV.   ARGUMENT……………………………………………………..8

     A. Defendants have failed to establish an appropriate record

       on appeal…………………………………………………...8

     B. Defendants' implied license claims are baseless……………………..9

         1. Defendants waived the issue of an implied license on

           appeal…………………………………………………….10

         2. Defendants provide no evidence of an implied

           license…………………………………………………….12

         3. Defendants properly bore the burden of establishing

           their affirmative defense of an implied license……………..12

     C. Defendants' infringement was not fair use…………………………14

     D. Defendants' arguments regarding misappropriation of likeness

are wrong and moot on appeal………………………………………18

E. Defendants waived any arguments regarding a jury

instruction on reduced award of damages…………………………...20

F. If was within the sound discretion of the district court to

deny Defendants' request for attorneys' fees………………………..22

1. Defendants are not entitled to attorney's fees under

Rule 68…………………………………………………22

2. The district court did not abuse its discretion in

denying attorney's fees to King………………………..24

a. Laney's lawsuit was not manifestly

unreasonable……………………………………26

b. The district court did not commit a clear

error of judgment in weighing Plaintiffs'

motivations……………………………………...27

c. Defendants cannot prove clear error of

judgment in the weighing of either the need to

compensate and deter or the purpose of the

Copyright Act…………………………………...28

d. King presents no meaningful argument on

novelty of issues………………………………...30

G. There was no abuse of discretion or undue harm caused by

the lower court's evidentiary rulings………………………………..31

H. The district court did not improperly exclude certain

evidence of political and other uses under Rule 403………………..32

I. Defendants were not entitled to their printer costs…………………33

V.   CONCLUSION……………………………………………………..34

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME AND

TYPE-STYLE REQUIREMENTS…………………………………………...36

CERTIFICATE OF COMPLIANCE WITH ELECTRONIC BRIEF

SCANNING REQUIREMENTS……………………………………………….36

CERTIFICATE OF SERVICE………………………………………………37

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Action Tapes, Inc. v. Mattson*,

 462 F.3d 1010 (8th Cir. 2006)........................................................ 25, 27

*Advertisers Exch. v. Anderson*,

 144 F.2d 907 (8th Cir. 1944)................................................................ 22

*Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*,

 143 S. Ct. 1258, 215 L. Ed. 2d 473 (2023) ........................................ 16

*Beaulieu v. Stockwell*,

 46 F.4th 871 (8th Cir. 2022) ............................................................... 12

*Bourne v. Walt Disney Co.*,

 68 F.3d 621 (2d Cir. 1995).................................................................. 13

*Brattrud v. Town of Exline*,

 628 F.2d 1098 (8th Cir. 1980).............................................................. 8

*Calkins v. Playboy Enterprises Int'l, Inc.*,

 561 F. Supp. 2d 1136 (E.D. Cal. 2008)............................................... 17

*Campbell v. Acuff-Rose Music*, Inc.,

 510 U.S. 569, 114 S. Ct. 1164, 127 L. Ed. 2d 500 (1994)................... 17

*Chism v. CNH Am. LLC*,

    638 F.3d 637 (8th Cir. 2011)............................................................... 31

*Doe v. Pulaski Cnty. Special Sch. Dist.*,

    306 F.3d 616 (8th Cir. 2002)............................................................... 18

*Dryer v. Nat'l Football League*,

    814 F.3d 938 (8th Cir. 2016)............................................................... 19

*Facenda v. N.F.L. Films, Inc*,

    542 F.3d 1007 (3d Cir. 2008)............................................................... 20

*Flo & Eddie, Inc. v. Sirius XM Radio Inc.*,

    80 F. Supp. 3d 535 (S.D.N.Y. 2015)................................................... 12

*Fogerty v. Fantasy, Inc.*,

    510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)................. 29

*Furie v. Infowars, LLC*,

    401 F. Supp. 3d 952 (C.D. Cal. 2019) ............................................... 13

*Grandoe Corp. v. Gander Mountain Co.*,

    761 F.3d 876 (8th Cir. 2014).................................................................. 7

*Harbor Motor Co. v. Arnell Chevrolet-Geo, Inc.*,

    265 F.3d 638 (7th Cir. 2001)............................................................... 23

*Harper & Row, Publishers, Inc. v. Nation Enters.*,

    471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985)............ 15, 16, 17

*Hartman v. Hallmark Cards, Inc.*,

    833 F.2d 117 (8th Cir. 1987)........................................................... 25, 26

*Hutchinson Tel. Co. v. Fronteer Directory Co. of Minnesota*,

    770 F.2d 128 (8th Cir. 1985)................................................................. 29

*In re AFY v. N. Plains Feeders, Inc.*,

    482 B.R. 830 (D. Neb. 2012) ................................................................. 10

*Killer Joe Nevada, LLC v. Does 1-20*,

    807 F.3d 908 (8th Cir. 2015).................................................... 25, 26, 27

*Laws v. Sony Music Entertainment, Inc.*,

    448 F.3d 1134 (9th Cir. 2005)............................................................... 20

*Marek v. Chesny*,

    473 U.S. 1, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985)............................. 23

*Matther v. Unum Life Ins. Co. of America*,

    639 F.3d 857 (8th Cir.2011).................................................................. 21

*Nelson-Salabes, Inc. v. Morningside Dev., LLC*,

    284 F.3d 505 (4th Cir. 2002)................................................................. 12

*O'Brien v. City of Greers Ferry*,

    873 F.2d 1115 (8th Cir. 1989)......................................................... 23, 26

*Pearson Educ., Inc. v. Almgren*,

    685 F.3d 691 (8th Cir. 2012)......................................................... 27, 28

*Pointer v. DART*,

    417 F.3d 819 (8th Cir.2005)..................................................................... 7

*Quigley v. Winter*,

    598 F.3d 938 (8th Cir. 2010)................................................................... 11

*Ranieri v. Adirondack Dev. Grp.*, LLC,

    164 F. Supp. 3d 305 (N.D.N.Y. 2016) ................................................... 13

*Ray v. ESPN, Inc.*,

    783 F.3d 1140 (8th Cir. 2015)................................................................. 19

*Riggs v. Gibbs*,

    66 F.4th 716 (8th Cir. 2023) .................................................................. 21

*Roth v. Homestake Mining Co.*,

    74 F.3d 843 (8th Cir.1996)..................................................................... 21

*Ryther v. KARE 11*,

    108 F.3d 832 (8th Cir.1997)..................................................................... 7

*Seidman v. Authentic Brands Grp. LLC*,

    2020 WL 1922375 (S.D.N.Y. Apr. 21, 2020)........................................ 24

*Toney v. L'Oreal U.S.A., Inc.*,

    406 F.3d (7th Cir. 2004)......................................................................... 20

*UMG Recordings, Inc. v. Shelter Cap. Partners LLC*,

    718 F.3d 1006 (9th Cir. 2013)................................................................ 23

*United States v. Anderson*,

    783 F.3d 727 (8th Cir. 2015)................................................................ 7

*United States v. Clarke*,

    564 F.3d 949 (8th Cir. 2009).............................................................. 14

*United States v. Crow Eagle*,

    705 F.3d 325 (8th Cir. 2013).............................................................. 32

*United States v. Henley*,

    766 F.3d 893 (8th Cir.2014)................................................................ 7

*United States v. Joos*,

    638 F.3d 581 (8th Cir. 2011).............................................................. 11

*United States v. Watson*,

    895 F.3d 589 (8th Cir. 2018).............................................................. 32

*United Telephone Co. of Missouri v. Johnson Pub. Co., Inc.*,

    855 F.2d 604 (8th Cir. 1988).............................................................. 15

**Statutes**

17 U.S.C. § 107 ................................................................................... 15

17 U.S.C. § 505 ................................................................. 23, 24, 25, 26

**Rules**

Fed. R. App. P. 10 ................................................................................. 8

Fed. R. App. P. 32(a)(5) ...................................................................... 36

Fed. R. App. P. 32(A)(7)(B) ...................................................................... 36

Fed. R. App. P. 26.1 ................................................................................. 1

F.R.E. 403 ........................................................................................ 32, 33

# I.    STATEMENT OF THE CASE AND PROCEDURAL HISTORY

Laney Griner created the original photograph at issue of her then eleven-month-old son Sam on the beach (hereinafter "Subject Photograph" or "Success Kid Photograph") on August 26, 2007. App. 542; R.Doc. 80-1, 79-2, at 1. She owns all rights in the Subject Photograph, which she registered with the United States Copyright Office. Id. at 1-2. To her surprise, the Subject Photograph has become the core of one of the most widely recognized memes on the internet, and while she has found it impossible to control its use as a noncommercial meme, in 2012 she employed the services of Ben Clarke, a Los Angeles-based marketing and licensing manager, to help her limit and control its commercial use. Since 2012 she has repeatedly licensed the Subject Photograph to companies including Virgin Mobile, Vitamin Water, Microsoft, Coca-Cola, and others. Id. at 2; App. 1413-1434; R.Doc. 79-3 at 82-103.

In January 2020, Laney found the Subject Photograph being used to solicit funds for the congressional campaign of King on multiple websites and social media accounts, including King's own Facebook page, Twitter account, and campaign website (www.steveking.com), and Winred.com, a website whose only function is to raise money for Republican political candidates. R.Doc. 79-2, at 2-3.

The sole purpose of those posts was to solicit campaign funds for Steve King's congressional campaign. Id. at 3.

King authorized the formation of the King for Congress Committee ("the Committee") to raise funds for his campaigns and act on his behalf. Id. at 12; R.Doc. 79-3 at 18. And King managed his own Twitter account and was responsible for what he posted there. Id.

Defendants never sought or received permission to use the Subject Photograph. R.Doc. 79-2., ¶¶ 10,13. After an attorney for the Griners notified Defendants of the infringement, Defendants removed the Subject Photograph but did not otherwise comply with Laney's requests, including that they reach out to her to discuss a licensing fee for past unauthorized uses. Id. at 3.

At the end of 2020 the Griners filed this suit. App. 1; R.Doc. 1. After the close of discovery, the parties filed cross summary judgment motions which initially resulted in a grant of summary judgment in favor of King on Laney's copyright claim, but upon reconsideration the Court reinstated that claim as to King upon finding "that a reasonable jury could find that defendant Committee was acting as defendant King's agent" when it used the Success Kid Photograph. R.Doc. 96 at 4-5.

On October 3, 2022, after the denial of Defendants motion for summary judgment, Defendants made a Rule 68 offer of $15,000. App. 1169-1173; R.Doc.

2

139-3. The Griners had obtained commercial licenses in that amount and may have accepted the offer if it were made at the start of the case. But with a timely registration which allowed them to seek attorneys' fees and the time they had been forced to put into the case by Defendants' refusal to make any prior settlement offer, they rejected that offer believing it unreasonable. Indeed, they believed the infringement was willful since King was a United States Representative who worked on the Judiciary Committee, voted on important copyright legislation, and absolutely should have known better than to permit his Committee to purloin copyright-protected photographs from the internet without consent for their fundraising efforts. App. 1714-1726; R.Doc. 145 at 221-234.

On November 14, 2022, this case proceeded to trial on all claims. At the conclusion of trial the Griners moved for directed verdict on Defendants' affirmative defenses, including implied license. App. 1305-1310; R.Doc. 145 at 283-284. Defendants conceded their implied license defense and the Court found no evidence supporting it and that it therefore was not properly put to the jury. App. 1308-1309; R.Doc. 145 at 286-287.

On November 17, 2022, the Jury returned its verdict, finding that King for Congress infringed Laney's copyright for the Subject Photograph and awarding her $750.00 in damages, the minimum it was instructed could be awarded. App. 70; R.Doc.130 at 1-3. The Jury additionally found that King himself had not

committed copyright infringement, and that neither King nor King for Congress were liable for invasion of privacy against Sam. Id.

Despite the modest damages awarded against King for Congress on its infringement, Defendants moved for an Amendment of Judgment and for an Award of Bill Costs on December 1, 2022, asking the district court to reduce the Jury's award of $750 in damages to $200. App. 1180; R.Doc.140 at 1. Then on December 19, 2022, before the district court had ruled on their motion to amend judgment, Defendants filed a notice of appeal, informing Plaintiffs and the district court of their intention to appeal this case to the Eighth Circuit. App. 1738; R.Doc.150.

On January 18, 2023, the district court denied Defendants' motion to amend judgment, holding that Defendants had never requested that the jury be instructed that it could reduce the damages award to $200 upon a finding of innocent infringement, that Defendants never objected to the Court's statutory damages instruction on such grounds, and therefore Defendants waived any argument that the jury should have been instructed that they could have reduced the damages further. App. 1295-1307; R.Doc.160 at 1-13. On August 2, 2023, Defendants filed their appellant brief.

## II.     INTRODUCTION AND SUMMARY OF ARGUMENT

To her surprise, and without her involvement or consent, Laney Griner's photograph of her then 11-month-old son Sam Griner at the beach became "Success Kid," one of the biggest memes in history. With no meaningful way to control the non-commercial use of that photograph, she did what any reasonable mother would—she hired agents in an effort to control how her son's image was used by others commercially, i.e., to make and raise money. Through their work, her Success Kid photograph became commercially successful, generating significant paid licenses from companies such as Virgin Mobile, Vitamin Water, Microsoft, and Coca-Cola.

Then, in January of 2020 former Iowa Congressman Steve King's re-election committee King for Congress used Laney's Success Kid Photograph without consent to fundraise for King's floundering campaign. Her photograph of young Sam was prominently featured on the fundraising site Winred.com, King's congressional website, and his social media to solicit campaign donations. Laney sent a cease-and-desist demand to King that also required King and his Committee to contact them to discuss payment for the unauthorized use. King and his committee removed the photograph but refused to contact Laney to discuss an amicable resolution.

Laney Griner and Sam Griner initiated this action against King and King for Congress alleging copyright infringement and violation of Sam's right of privacy

through the unauthorized commercial use of his likeness. On cross-summary judgment motions, the district court initially found a jury question as to infringement by the Committee and that Sam's right of publicity claim was not preempted by the Copyright Act, but that King was entitled to judgment in his favor for lack of evidence of his personal involvement in the offending acts. However, the court granted the Griners' motion for reconsideration and reversed that ruling, recognizing "that a reasonable jury could find that defendant Committee was acting as defendant King's agent when it used" the Success Kid Photograph.

The case proceeded to trial where Laney established copyright infringement against the Committee but not against King individually. The jury also declined Sam's misappropriation of likeness claim. The Committee was found liable to Laney Griner for $750.00--the minimum the jury was instructed could be awarded based on a jury instruction accepted by both sides.

Evidently not content with walking away from their copyright infringement relatively unscathed, Defendants filed this scattershot appeal on an incomplete record. Some of their challenges address matters not preserved for appeal, others complain of invited errors, still others seem to request advisory opinions from the Court which will have no impact on any party in this case, and in one case Defendants demand payment of fees and costs they admit they are not entitled to.

Defendants' cacophony of arguments is largely devoid of supporting authority or evidence, instead resting primarily on rhetoric, mudslinging, and imagined conspiracy theories about a nefarious political hit by a mother and son on helpless King and his infringing committee. But this is not politics, it is the law, and under the law each of Defendants' challenges on appeal lack merit and should be rejected.

## III.   STANDARDS OF REVIEW

On appeal, the Eighth Circuit "must affirm the jury's verdict unless after viewing the evidence in the light most favorable to the verdict, [it concludes] that no reasonable juror could have returned a verdict for the non-moving party." *Grandoe Corp. v. Gander Mountain Co.*, 761 F.3d 876, 887 (8th Cir. 2014), citing *Ryther v. KARE 11*, 108 F.3d 832, 836 (8th Cir.1997).

For evidentiary rulings, the Court reviews "for clear abuse of discretion, 'reversing only when an improper evidentiary ruling affected the defendant's substantial rights or had more than a slight influence on the verdict.'" *United States v. Anderson*, 783 F.3d 727, 745 (8th Cir. 2015), citing *United States v. Henley*, 766 F.3d 893, 914 (8th Cir.2014). Furthermore, ordering a new trial for evidentiary errors is warranted only when those errors were so prejudicial that a new trial, absent the errors, "would be likely to produce a different result." *Pointer v. DART*, 417 F.3d 819, 822 (8th Cir.2005).

## IV.   ARGUMENT

### A. Defendants have failed to establish an appropriate record on appeal

Pursuant to F.R.A.P. 10, "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. P. 10. A "court cannot rule on the issues raised [on appeal] without a complete transcript of the proceedings," and in such a case has "no alternative but to dismiss the appeal pursuant to Eighth Circuit Rule 13, for failure to comply with the Federal Rules of Appellate Procedure." *Brattrud v. Town of Exline*, 628 F.2d 1098, 1099 (8th Cir. 1980).

Defendants' appellate record is woefully deficient. In their Appendix, Defendants present approximately only 121 pages of the nearly 1,000 pages of the transcript of the district court proceedings. App. 1183-1304; R.Doc. 143-147. This plainly does not amount to a complete transcript of the proceedings, and this Court should dismiss Defendants' appeal.

Defendants also challenge the district court's rulings on summary judgment, motions *in limine,* motion for reconsideration, and motion to amend the judgment but have failed to provide complete sets of the motion papers for any of said motions. App. 8-59, 532-906; 921-1003, 1180; R.Doc. 79-86, 89, 96, 98-101.

Based on these failings, the Court should dismiss this appeal for want of an appropriate record.

And Defendants' Appendix is riddled with errors. Pagination and document title designations in the Appendix Glossary are incorrect, including but not limited to the entries labeled as "Defendant's Response to Plaintiffs' Statement of Material Fact in Plaintiff's Motion for Summary Judgment" and "Plaintiffs' Motion in Limine" which are in fact <u>Plaintiffs'</u> Response to <u>Defendants'</u> statement of fact and <u>Defendants'</u> Motion in Limine. App. 921, 938; R.Doc. 82-2, 99-2. And Defendants' Appendix on Motion to Set Aside the Court's Ruling on Motions in Limine and the Court's Preliminary Jury Instructions, both of which are listed in the Glossary, are missing from the Appendix entirely. App. 1003, 1045; R.Doc. 117, 119-1. These pervasive errors and omissions make it difficult, if not impossible, to accurately review Defendants' presented record on appeal. Defendants Appeal should be dismissed.

Assuming *arguendo* this Court moves to the merits of this appeal, it should still be rejected for the reasons set forth below.

## B. Defendants' implied license claims are baseless

Defendants conceded at trial that they lacked a viable implied license defense and agreed to dismissal of that defense. They also failed to either object to jury instructions confirming this concession or suggest any alternate implied

9

license instructions. And they fail to identify any evidence from the trial that could plausibly establish an implied license. Yet they now invite this Court to adopt some new and novel implied license standard at odds with well-established precedent both in and outside of this Circuit. That invitation should be rejected.

### 1. Defendants waived the issue of an implied license on appeal

Defendants expressly conceded their lack of an implied license at trial and thus cannot now raise the issue on appeal because "issues that are conceded at trial cannot be raised on appeal." *In re AFY v. N. Plains Feeders, Inc.*, 482 B.R. 830, 838 (D. Neb. 2012). In response to Plaintiffs' counsel stating at trial "I don't see any way that a colorable argument could be made for implied license," defense agreed, stating to the court that "I don't disagree with opposing counsel. I think that's probably right. I think we'll concede that." App. 1307-1308; R.Doc. 145 at 285-286. The district court then confirmed that "[a]s for the implied license, that's clearly not been established. That's been conceded by the defendant. And that will not be provided as an option to the jury in the verdict form," and Defendants did not object. App. 1309; R.Doc. 145 at 287. Defendants further failed to object when the district court granted Plaintiffs' motion for a directed verdict on the implied license defense, and again when the district court indicated to the jury that "the defense has elected not to pursue that implied license affirmative defense. App. 1310, 1733-1734; R.Doc. 145 at 288-294, R.Doc. 146 at 8-9.

Defendants now claim that they did not "concede" the issue but rather "stated that they could not prevail under the standard articulated by the Court." Brief at 22, fn. 10. Not so. Defendants *expressly* conceded they had no colorable claim of an implied license and entirely failed to preserve any issue related to that claim for appeal. Indeed, Defendants' brief admits that the legal standard for finding an implied license used by the district court is the "most commonly used nationally" and provides no authority supporting any other standard. Brief at 21.

"In order to preserve for appeal an objection to a jury instruction or verdict form, Defendants must raise specific objections to the form or content of" the instruction or verdict form before the district court," otherwise the issue may be reviewed "only for plain error." *Quigley v. Winter*, 598 F.3d 938, 950 (8th Cir. 2010)(internal quotations omitted.) And there is only a plain error where it "was so prejudicial as to have affected substantial rights resulting in a miscarriage of justice." *United States v. Joos*, 638 F.3d 581, 587–88 (8th Cir. 2011)(internal citations omitted.)

Here, the district court used the proper test for the implied license defense and Defendants acknowledged they had no claim under that test and never objected to excluding that defense from the jury verdict form. The district court acted properly, and Defendants waived the issue on appeal barring a finding of plain error, for which there is no colorable claim. Defendants' arguments fail.

### 2. Defendants provide no evidence of an implied license

Defendants have also failed to identify any evidentiary basis for finding an implied license. An implied license will only exist where "(1) a person requests the creation of a work; (2) the creator makes the particular work and delivers it to the person who requested it; and (3) the licensor intends that the licensee-requestor copy and distribute the work." *Beaulieu v. Stockwell*, 46 F.4th 871, 878 (8th Cir. 2022); see also *Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 514 (4th Cir. 2002). Rather than offer any facts that could satisfy these elements (there are none), Defendants opine—with no supporting authority—that the test articulated in *Beaulieu* and *Nelson-Salabes* is too strict. But their invented story of Laney "allowing" the Subject Photograph to be used in non-commercial memes to entrap them into using it commercially is not evidence, and certainly provides no basis to find that the district court committed plain error. Their appeal thus fails.

### 3. Defendants properly bore the burden of establishing their affirmative defense of an implied license

Despite conceding at trial that there was no basis to find an implied license, Defendants argue to this Court that they should not have been required to prove the existence of an implied license, but rather that Plaintiffs should have been required to prove the *absence* of an implied license. This argument too fails.

It is well established that "an implied license is an affirmative defense." *Beaulieu v. Stockwell*, 46 F.4th 871, 878 (8th Cir. 2022). And as an affirmative

defense, the accused infringer bears the burden of establishing it. See *Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, 80 F. Supp. 3d 535, 539 (S.D.N.Y. 2015)("A defendant bears the burden of proof to show that a plaintiff impliedly licensed its work for the defendant's use."); *see also Ranieri v. Adirondack Dev. Grp.*, LLC, 164 F. Supp. 3d 305, 336 (N.D.N.Y. 2016)(holding that the "putative licensee must show" the existence of an implied license.); *Furie v. Infowars, LLC*, 401 F. Supp. 3d 952, 968 (C.D. Cal. 2019)("The existence of an implied license is an affirmative defense to a claim of copyright infringement and the burden of proof is ultimately on the party seeking to avoid infringement liability.") Indeed, Defendants raised the affirmative defense of an implied license in their Answer.

Defendants' sole authority for shifting the burden of proof for an implied license is *Bourne v. Walt Disney Co.* But the *Bourne* court correctly confirmed that the possession of a license by an accused infringer is an affirmative defense <u>for which the infringer bears the burden of proof</u>. See *Bourne v. Walt Disney Co.*, 68 F.3d 621, 631 (2d Cir. 1995); *see also* Brief at 37. In that case, there was no dispute that the defendant had valid licenses in the plaintiff's work, and so the court explained that the plaintiff should bear the burden of proof "in cases where only the scope of the license is at issue." *Bourne v. Walt Disney Co.*, 68 F.3d 621, 631 (2d Cir. 1995). That holding has no applicability to this case, in which the parties had no prior relationship with, or even knowledge of, each other and

certainly do not agree that Defendants had any kind of license. *Bourne* offers Defendants no assistance.

Defendants' burden-shifting challenge is otherwise based on unsubstantiated arguments that were not made to the district court. Specifically, they claim without any basis in law or fact that the Committee might have used a properly sublicensed copy of the Subject Photograph. *See* Brief at 38. But "[a]n argument not raised below cannot be raised on appeal for the first time unless the obvious result would be a plain miscarriage of justice." *United States v. Clarke*, 564 F.3d 949, 954 (8th Cir. 2009). And Defendants' argument further fails as it misses the entire point of this lawsuit—that there is a fundamental difference between non-commercial meme creation and commercial use of the Subject Photograph for financial gain. For any of these reasons, Defendants' attempts to shift the burden of proof for their own affirmative defense to Laney must fail.

### C. Defendants' infringement was not fair use

Defendants next challenge the jury's finding that their unauthorized use of the Subject Photograph was not fair. These arguments fail as well.

Defendants bear the burden of proof to establish fair use and cannot establish that the record, reviewed in the light most favorable to Plaintiffs, establishes fair use as a matter of law. As Defendants note, the four non-exclusive factors enumerated in the Copyright Act are (1) the purpose and character of the

use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) and the effect of the use upon the potential market for or value of the copyrighted work. *See* 17 U.S.C. § 107. Each factor weighs heavily against a finding of fair use.

For the first factor, Defendants do not dispute that their use was commercial and make no colorable claim that their use of the Subject Photograph was "transformative." As this circuit previously explained, "[e]very commercial use of copyrighted material is presumptively an unfair exploitation of the monopoly privilege that belongs to the owner of a copyright," and "[f]air use is not favored when the user stands to profit from the exploitation of the copyrighted material without paying the customary price." *United Telephone Co. of Missouri v. Johnson Pub. Co., Inc.*, 855 F.2d 604 (8th Cir. 1988), quoting *Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 562, 105 S.Ct. 2218, 2231, 85 L.Ed.2d 588 (1985). While Defendants are correct that memes may often contain commentary or criticism, they entirely fail to identify any such commentary or criticism in *their* infringing use, and certainly did not do so before the trial court. Brief at 27.

And even if Defendants had identified some colorable new meaning or message (they could not, as they sought to use the Subject Photograph to connote

the same meaning and message for which other licensees paid), the first fair use factor still would not weigh in their favor. As the Supreme Court explained in *Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 143 S. Ct. 1258, 1261, 215 L. Ed. 2d 473 (2023), the proper inquiry is "whether an allegedly infringing use has a further purpose or different character, which is a matter of degree, and the degree of difference must be weighed against other considerations, like commercialism." 143 S. Ct. at 1272-73 (internal citations omitted); *see also id*. at 1277 ("If an original work and a secondary use share the same or highly similar purposes, and the secondary use is of a commercial nature, the first factor is likely to weigh against fair use, absent some other justification for copying.")

Defendants concede that the second factor weighs against fair use, as they must, since the undisputed evidence is that the Success Kid Photograph was a unique and creative work that has generated interest and licenses well beyond most works.

The third factor also weighs against fair use because the "heart" of the photograph—the image of Sam, creatively captured by Laney—was copied. Indeed, Defendants admit that in exactly such circumstances there is no fair use. Brief at 27, citing *Harper & Row, Publrs. v. Nation Enters.*, 471 U.S. 539, 544 (1985).

And the jury could easily have concluded that the fourth factor weighs against a fair use finding. Determining the potential market effect on a copyrighted work requires the consideration of "whether unrestricted and widespread conduct of the sort engaged in by the defendant would result in a substantially adverse impact on the potential market," and must take into account harm to the market for derivative works. *Campbell v. Acuff-Rose Music*, Inc., 510 U.S. 569, 590, 114 S. Ct. 1164, 1177, 127 L. Ed. 2d 500 (1994), quoting *Harper & Row*, 471 U.S., at 569, 105 S.Ct., at 2235. Laney has taken pains to control commercial uses of the Subject Photograph through proper licensing, and if unauthorized commercial uses like the one at issue were deemed fair use and became widespread there would be no incentive to pay for a lawful license for fundraising and in turn no licensing market for such uses.

Defendants admit that relevant case law is "replete" with holdings that unrestricted infringements detract from a market rather than enhance it, but then argue that their infringement somehow enhanced the Griners' market. This curious argument relies on *Calkins v. Playboy Enters. Int'l, Inc.* (Brief at 26), a case in which the plaintiff had never sold or licensed their work after its creation, and thus the Court found the infringement had no impact on the work's potential market. See *Calkins v. Playboy Enterprises Int'l, Inc.*, 561 F. Supp. 2d 1136, 1143 (E.D. Cal. 2008). Such is not the case here—in this case Laney had repeatedly licensed

the Success Kid Photograph for a variety of commercial uses prior to the subject infringement.

Defendants failed to colorably argue fair use, let alone present a case upon which no reasonable juror could have found otherwise. Accordingly, there is no basis to disturb the jury's finding.

### D. Defendants' arguments regarding misappropriation of likeness are wrong and moot on appeal

At trial, the jury was asked to determine whether Defendants violated Sam Griner's right of privacy by using his likeness commercially without his permission. The jury found that they did not, perhaps because Sam Griner no longer looks like his 11-month-old self and testified that he is not really recognized as "Success Kid" anymore. With Sam Griner having lost on this claim, Defendants' bid to revisit the district court's preemption ruling is nothing more than an academic debate which will have no effect on the final disposition of this case. It is not a proper subject for this appeal.

This Circuit has explained that "[a]n appeal must be dismissed as moot when our decision will have no 'effectual relief whatever to a prevailing party.'" *Doe v. Pulaski Cnty. Special Sch. Dist.*, 306 F.3d 616, 621 (8th Cir. 2002). Such is the case here. Given Defendants' trial victory on the privacy claim, it makes no difference whether that claim should have also been held preempted by federal

copyright law as it will provide no relief whatsoever to any party and must therefore be dismissed as moot.

If Defendants' preemption argument were not moot, it should still be rejected as wrong. Defendants claim that "the [district court] held appropriation not preempted by Copyright," on summary judgment instead of deciding whether Sam Griner's specific appropriation claim was preempted by copyright law, but this is simply untrue. Brief at 30. The district court expressly acknowledged that appropriation claims may or may not be preempted by copyright law based on the facts of each case, and then determined that "Sam Griner's misappropriation claim is not preempted." App. 8; R.Doc. 86 at 31.

After misrepresenting the district court's finding, Defendants next overlook relevant law and misapply non-controlling cases. The Eighth Circuit, as well as other federal courts, has held that a misappropriation of likeness claim is not preempted by copyright law where the clam involved "the use of a copyrighted work in a commercial advertisement." *Dryer v. Nat'l Football League*, 814 F.3d 938, 943 (8th Cir. 2016); see also *Ray v. ESPN, Inc.*, 783 F.3d 1140, 1144 (8th Cir. 2015) (finding preemption because the defendant "did not use Ray's likeness or name in an advertisement without his permission to promote its commercial product.") Here, Defendants used Sam Griner's likeness in a commercial advertisement for King's reelection campaign, thus the court ruled correctly.

Defendants nevertheless suggest that the Third Circuit holding in *Facenda v. N.F.L* should be found controlling and compels a finding that the commerciality of a use should not matter. Defendants are wrong, not in the least because *Facenda* expressly acknowledged "when Defendants use the work for the purposes of trade, such as in an advertisement, plaintiffs' right-of-publicity claims have not been held to be preempted." 542 F.3d 1007, 1029 (3d Cir. 2008).[1]

Defendants' request for an academic or advisory ruling from this Court which would be inconsistent with its own prior precedent should be rejected. Defendants prevailed on Sam Griner's privacy claim at trial, stand to gain no benefit by this Court revisiting their preemption argument, and are wrong on the law in any event.

### E. Defendants waived any arguments regarding a jury instruction on a reduced award of damages

Having agreed to instruct the jury that minimum statutory damages are $750.00, Defendants cannot now complain that the instruction "should have been"

---

[1] Defendants point to other non-controlling cases cited by the court in *Facenda* that—*Sony*, *Toney*, and *Fleet*—however *Facenda* cites these cases to discuss the effect of a contract on a preemption analysis. See Brief at 32-33, citing *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134 (9th Cir. 2005); *Fleet v. CBS*, Cal.Rptr.2d 645, 646-47 (1996); and *Toney v. L'Oreal U.S.A., Inc.*, 406 F.3d at 907 (7th Cir. 2004); see also *Facenda* at 1030-31. Defendants had no contract permitting them to use the Subject Photograph, thus these cases are irrelevant here.

different and collaterally attack the jury's award. The district court told them as much in denying their request for remittitur and this Court should do the same.

The trial court expressly announced its instruction to the jury that "the amount you may award as statutory damages is not less than $750 nor more than $30,000 for each work you conclude was infringed." App. 1736; R.Doc. 146 at 80. Defendants made no objection to that instruction and failed to present any competing instruction.

Once again, "[i]f a party does not properly object to preserve the issue for appeal, objections to jury instructions are waived, absent a showing of plain error." *Riggs v. Gibbs*, 66 F.4th 716, 719 (8th Cir. 2023). And in this case Defendants consented, tacitly if not explicitly, to the instruction. Thus, even if the instruction was found to be in error, Defendants invited the error. "Under the invited error doctrine, '[a]n erroneous ruling generally does not constitute reversible error when it is invited by the same party who seeks on appeal to have the ruling overturned.'" *Matther v. Unum Life Ins. Co. of America*, 639 F.3d 857, 868 (8th Cir.2011), citing *Roth v. Homestake Mining Co.*, 74 F.3d 843, 845 (8th Cir.1996). "The doctrine of invited error applies when the trial court announces its intention to embark on a specific course of action and defense counsel specifically approves of that course of action." Id. (internal quotations omitted.)

Indeed, it was for precisely that reason that the district court confirmed Defendants' failure to object and denied Defendants' post-trial motion to amend judgment. App. 1295; R.Doc. 160. Accordingly, any error was invited and should not be reversed on appeal. And, importantly, the alleged error could not have had a significant impact on the jury's verdict—it is unclear whether the jury would have awarded any less than it did, but at most this is a matter of only hundreds of dollars. A new trial is simply not warranted to address Defendants' invited error.

### F. It was within the sound discretion of the district court to deny Defendants' request for attorneys' fees

Defendants acknowledge that the choice whether to award attorneys' fees to a copyright defendant is a question "for the discretion of the trial court" reviewed only for "abuse of discretion." *Advertisers Exch. v. Anderson*, 144 F.2d 907, 909 (8th Cir. 1944); see also Brief at 41. Indeed, they concede that "the court had no obligation to award attorney's fees" to either King or the Committee but bring this appeal for fees solely on the grounds that "[t]he court should have, though." Brief at 41. Having failed to establish any entitlement to fees or abuse of discretion by the district court, there is no basis to disturb its ruling.

Defendants confusingly fail to differentiate between their demand for fees under Rule 68 and King's demand for fees as a prevailing party. Plaintiffs address each in turn.

### 1. Defendants are not entitled to attorney's fees under Rule 68

Contrary to Defendants' suggestion, a district court is not required to award attorney's fees under Rule 68 where the statute underlying the claims at issue does not mandate an award of attorney's fees to the offering party.

In the Eighth Circuit, "costs" under Rule 68 refers only to "costs properly awardable under the relevant substantive statute." *O'Brien v. City of Greers Ferry*, 873 F.2d 1115, 1120 (8th Cir. 1989), citing *Marek v. Chesny*, 473 U.S. 1, 2, 105 S. Ct. 3012, 3013, 87 L. Ed. 2d 1 (1985). The relevant statute in this case is the Copyright Act which provides that "the court in its discretion may allow the recovery of full costs" and then in a separate sentence states that the "court may also award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505 (emphasis added). Thus, Section 505 only makes attorney's fees awardable through Rule 68 only to a prevailing party and in the discretion of the district court.

The Committee cannot recover its attorneys' fees because it is not a prevailing party. While the Eighth Circuit has not yet addressed this intersection of Rule 68 and Section 505, the Seventh and Ninth Circuits have both held that only prevailing parties in copyright cases may recover attorney's fees under Rule 68— adjudicated infringers may not receive attorney's fees even where the plaintiff's recovery did not exceed the Rule 68 offer. See *Harbor Motor Co. v. Arnell Chevrolet-Geo, Inc.*, 265 F.3d 638, 645–46 (7th Cir. 2001); see also *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1035 (9th Cir.

2013). A recent decision by a New York federal court followed this reasoning, explaining:

> "The most faithful reading of *Marek*, Rule 68, and Section 505 is that attorneys' fees are not available as costs under Rule 68 to a non-prevailing party…Section 505 does not make attorneys' fees available for any party…it limits the persons eligible to receive attorneys' fees to 'prevailing parties'"

*Seidman v. Authentic Brands Grp. LLC*, No. 19-CV-8343 (LJL), 2020 WL 1922375, at *5 (S.D.N.Y. Apr. 21, 2020), citing 17 U.S.C. § 505.

This is the only conclusion that makes sense. The fee shifting provisions of Section 505 of the Copyright Act were carefully designed to encourage the prosecution of meritorious infringement claims, and Section 301 of the Act establishes its preemption over other potentially overlapping or inconsistent claims. It would frustrate those goals, work a gross injustice, and add grave insult to injury, for an adjudged infringer to recover attorney's fees from the aggrieved copyright holder just because the copyright holder wrongly anticipated what a jury would award in damages and/or whether the court would award her attorney's fees incurred up to the date of the Rule 68 offer.

Because the Committee is an adjudicated infringer, not a prevailing party, the district court properly denied its bid for attorney's fees under Rule 68 and committed no clear error in doing so. That denial should be affirmed.

## 2. The district court did not abuse its discretion in denying attorney's fees to King

Although King succeeded in evading liability for his reelection committee's infringement, the district court also acted properly in denying his fee request. Again, under Section 505 the district court has wide discretion to determine whether to "award a reasonable attorney's fee to the prevailing party." *Killer Joe Nevada, LLC v. Does 1-20*, 807 F.3d 908, 911 (8th Cir. 2015). Thus, even if a defendant can properly be called a prevailing party, "[a]n award of fees is not automatic" and "a losing plaintiff's good faith in bringing a colorable claim will justify a district court's denial of fees." *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 122 (8th Cir. 1987).

In deciding whether to award fees, the district court may consider factors such as "whether the lawsuit was frivolous or unreasonable, the losing litigant's motivations, the need in a particular case to compensate or deter, and the purposes of the Copyright Act." *Action Tapes, Inc. v. Mattson*, 462 F.3d 1010, 1014 (8th Cir. 2006). A court does not abuse its discretion simply because "a different court might have weighed the factors in this case differently," but rather only when their denial of fees is based on a "clear error of judgment." *Killer Joe Nevada,* 807 F.3d at 912-913.

Knowing that the district court acted well within its discretion, King again resorts to specious rhetoric about how innocent he is and how terrible Laney is. But Laney believed—and still contends—that the Committee was acting as King's

agent when it infringed the Subject Photograph such that King should be equally liable as the agent's principal. Notably, it was precisely on this theory that the district court reversed its initial grant of summary judgment in favor of King on the copyright claim. App. 1710; R.Doc. 96 at 13. The district court thus had ample basis to find that Laney Griner's claims against King were well-grounded and that an award of fees to King was unwarranted.

### a. Laney's lawsuit was not manifestly unreasonable

King claims that the district court committed a clear error because it did not find Laney's suit to be "manifestly unreasonable." But under Section 505, a copyright plaintiff's claims are not unreasonable or frivolous so long as they are "colorable and not baseless." *Killer Joe Nevada,* 807 F.3d at 912, citing *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 123 (8th Cir. 1987). The district court confirmed the viability of Laney's claims after reviewing the evidence at summary judgment, and thus established that her claims were colorable and not baseless.

And the Eight Circuit has also found that a plaintiff's successful recovery from other Defendants evidences the reasonableness of the plaintiff's lawsuit. See *O'Brien v. City of Greers Ferry*, 873 F.2d 1115, 1120 (8th Cir. 1989). Here, Laney successfully established that the Committee's use of the Subject Photograph to raise money for King was infringing. App. 1535; R.Doc. 82-1 at 17. While the jury

ultimately did not hold King liable it did find the Committee committed infringement in its marketing for King's benefit. App. 70; R.Doc. 130 at 1-3.

King cites no authority or evidence in support of his claim that Laney's case was manifestly unreasonable. The only case he cites in this section, *Pearson*, is off point as it addresses an award of fees to a prevailing plaintiff explaining that a full award of fees for any chosen litigation strategy is not guaranteed. See Brief at 43-44; see also *Pearson Educ., Inc. v. Almgren*, 685 F.3d 691, 696 (8th Cir. 2012). Neither that authority nor anything else King offers provides any basis to conclude that Laney Griner's claims should have been deemed manifestly unreasonable.

### b. The district court did not commit a clear error of judgment in weighing Plaintiffs' motivations

King similarly decries the district court's refusal to find that Laney's motivations warranted an award of fees but fails to explain how the court abused its discretion in doing so. A court's "determination that the plaintiff's conduct was justified rests upon and is informed by the district court's familiarity with the case, parties, and counsel…and is entitled to 'substantial deference from a reviewing court." *Killer Joe Nevada,* 908 F.3d at 912, citing *Action Tapes*, 462 F.3d at 1014. Although King makes clear his personal belief that Laney's case was a politically motivated stunt, that belief ignores the fact that his committee in fact committed infringement. And nothing he offers establishes that the district court could not have seen this case quite differently--i.e., as a copyright holder properly seeking

compensation for the unauthorized use of her work. There is thus no basis to disturb the district court's denial of fees to King.

### c. Defendants cannot prove clear error of judgment in the weighing of either the need to compensate and deter or the purpose of the Copyright Act

It is a matter of public record that King was a United States Representative from Iowa who sat on the Judiciary Committee and voted on major copyright legislation (the CASE Act). If anyone should have known to instruct their fundraising committee about proper protocols to avoid copyright infringement, he should have. Yet somehow, citing no relevant authority, King suggests that the district court erred in finding that interests of compensation and deterrence did not justify saddling a mother trying to enforce her rights with King's attorneys' fees.

Considerations of compensation or deterrence require review of the "particular circumstances" of a case, and as such it is not clear error when a "different court might have weighed" this factor differently. *Pearson Educ., Inc. v. Almgren*, 685 F.3d 691, 696 (8th Cir. 2012). King's arguments fail to establish that the district court could not reasonably have weighed the evidence differently than he sees it.

King first argues that his reelection committee was a "model infringer," pointing to two law review articles which he claims show that "Defendants were

right." Brief at 45-56. In fact, neither of Smith's articles[2] asserts that King's position is "right" or that Laney's case was overbroad. Rather, they point out the contradictory nature of King's arguments. But in any event, this "evidence" does little to establish that the district court abused its discretion.

King's claims regarding the purpose of the Copyright Act are similarly unsupported. The Copyright Act serves "the promotion of artistic and scientific creativity and the benefits flowing therefrom." *Hutchinson Tel. Co. v. Fronteer Directory Co. of Minnesota*, 770 F.2d 128, 130 (8th Cir. 1985). To that end, the purpose of the Copyright Act is to "encourage the assertion of colorable copyright claims" and "to deter infringement." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 525–26, 114 S. Ct. 1023, 1029, 127 L. Ed. 2d 455 (1994) (internal citation omitted). The purpose of the copyright act would thus not be served by forcing a plaintiff with a colorable and successful copyright claim like Laney to pay attorney's fees. The district court properly considered this and exercised its discretion to deny King's request for fees.

King's sole contrary argument appears to be that he does not consider the Subject Photograph creative enough, and so demands his fees. Brief at 47. But how

_____

[2] Cathay Y. N. Smith. Weaponizing Copyright. Harvard Journal of Law & Technology, Volume 35, Number 1 (Fall 2021); Cathay Y. N. Smith & Stacey Lantagne, Copyright & Memes: The Fight for Success Kid. Vol 110, (Fall 2021).

impressed King may or may not be with the Subject Photograph provides no basis to find that the district court abused its broad discretion.

### d. King presents no meaningful argument on novelty of issues

King tacks a paragraph to the end of his request for damages that asserts that this was a case of some novelty, but he never explains what novel issues he refers to, why they are novel, or how any such novelty was not properly considered by the district court such that they committed a clear error of judgment in not awarding him fees. Brief at 48. Instead, King simply says that the "caselaw concerning implied licenses is changing" without citing to any case law, and again notes the two articles written by the same person he previously cited. Id.

Presumably the novel issue King refers to is the issue of whether a copyright holder may still enforce her rights in a photograph which has become a generally available internet meme. But if that is the issue then an award of fees to Laney—not King—is warranted since it is one on which she prevailed.

*       *       *

Defendants' claims that the district court acted improperly in denying their requests for attorney's fees are meritless. Rule 68 only permits awards of attorney's fees insofar as the underlying statute of a case does, and the Copyright Act only provides attorney's fees to prevailing parties at the sound discretion of the Court. The Committee lost at trial and is thus not a prevailing party, and King can

advance no meaningful evidence or authority which shows the district court abused

its discretion and committed a clear error of judgment in weighing the relevant

factors to determine whether a fee award is warranted. The trial court's denial of

fees to Defendants should be affirmed.

### G. There was no abuse of discretion or undue harm caused by the lower court's evidentiary rulings

Defendants complain that the district court permitted trial testimony from

Ben Clarke. That complaint fails for multiple reasons.

First, their record does not include any request to preclude Mr. Clarke's

testimony.

Next, evidentiary rulings should only be reversed for clear abuse of

discretion such that the ruling at issue "affected the defendant's substantial rights

or had more than a slight influence on the verdict." *Chism v. CNH Am. LLC*, 638

F.3d 637, 640 (8th Cir. 2011). Ben Clarke was identified in discovery responses

and documents and testified only to potential actual damages, which ultimately had

only slight to no influence on the verdict since Laney sought statutory damages and

recovered a minimal amount. Indeed, Defendants conceded that any error in

allowing Clarke's testimony would have been "harmless." See Brief at 50.

Additionally, Defendants request that the Court order Plaintiffs to produce a

privilege log now, after judgment has been rendered. Defendants provide no basis

in law for such requested relief, no evidence beyond their own speculation that

Plaintiffs improperly invoked attorney-client privilege at trial to withhold "harmful information," without ever explaining what that harm would have been. Defendants thus provide no showing that the district court abused its discretion in sustaining Plaintiffs' objection of privilege or that this objection had any influence on the verdict in the case. Defendants' unfounded request for *ex post facto* privilege log on appeal should be denied.

### H. The district court did not improperly exclude certain evidence of political and other uses under Rule 403

The district court wisely granted the Griners' *in limine* motion to exclude prejudicial evidence of the "Success Kid" meme allegedly being affiliated with the "Pepe the Frog" meme and used in social media posts and licenses that could suggest Laney's political views, finding that such evidence had no significant relevance or probative value as to copyright infringement but stood to be unduly prejudicial.

Federal Rule of Evidence 403 grants the district court power to exclude relevant evidence "if its probative value is substantially outweighed by a danger of unfair prejudice. Unfair prejudice means an undue tendency to suggest decision on an improper basis." *United States v. Watson*, 895 F.3d 589, 594 (8th Cir. 2018). On appeal, "The district court's balance of the prejudicial and probative impacts of evidence is accorded 'great deference.'" *United States v. Crow Eagle*, 705 F.3d 325, 328 (8th Cir. 2013).

Defendants do not explain how the Court's ruling was an abuse of discretion, but instead imagine the excluded evidence would have shown that Mrs. Laney never had any concern with how the Subject Photograph was used or with whom it was affiliated as evidenced by (they contend) other uses which appeared on fan pages and that Laney once sold an NFT to a user with a Pepe the Frog icon. But this is exactly the type of evidence that Rule 403 was designed to weed out, as every one of the excluded posts would have involved a trial-within-a-trial as to whether Laney knew about the post/use, what the post/use meant, whether Laney approved or disapproved of it, and whether there was anything she could have done to have the post/use removed (or control who bought her NFT). That inquiry would have wasted significant judicial resources and stood to be far more confusing and prejudicial than probative of any material fact.

There is no basis to find that the district court committed clear error in excluding this evidence. There is also no basis to conclude that any error in this regard had any significant effect on the results at trial since the evidence did not go to liability and the damages awarded were already fairly de minimis. Defendants' bald conjecture cannot overcome the deference owed to the district court's careful balancing of probative value and prejudice.

## I. Defendants were not entitled to their printer costs

Defendants close their brief with an argument that they should have recovered the costs of printer ink incurred while using a luxury office suite to print documents they had not prepared until the day before trial. Brief at 57-58. They provide no standard by which to review the rejection of these ink costs, likely because they understand that (as discussed above) determinations re costs are left to the sound discretion of the district court and reviewed only for abuse of discretion. Defendants cite no authority entitling a party to "copy fees" and provide no explanation for how the district court abused its discretion in declining to award such fees. Indeed, this portion of Defendants' brief seems to be merely an opportunity for defense counsel to complain that both the district court and the Griners were "unimpressed" with his luxury printing receipts. Id. Defendants' final appellate challenge, like all before it, should be denied.

## V.    CONCLUSION

Lacking a complete record, valid and properly preserved issues to raise on appeal, and sufficient evidence or authority to support their claims, the pervasive theme of Defendants' appeal is that King and his re-election committee are the hapless victims of a political hit job perpetrated by the scheming copyright troll Laney Griner. It couldn't possibly be that a mother and the owner of a commercially successful photograph used the Copyright Act for its intended purpose—to seek compensation for the unauthorized use of her son's photograph

to solicit money for Representative King. Ultimately, this was not fair use, Defendants admitted they had no viable implied license claim, and the district court acted well within its discretion in its evidentiary rulings and in ruling on Defendants motion for costs and fees.  Accordingly, Defendants' appeal fails completely and should be denied in its entirety.

Respectfully submitted,

Dated: October 5, 2023　　　　　By:　*/s/ Stephen M. Doniger*
　　　　　　　　　　　　　　　　　　Stephen M. Doniger, Esq.
　　　　　　　　　　　　　　　　　　Michael D. Steger, Esq.
　　　　　　　　　　　　　　　　　　DONIGER / BURROUGHS
　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME AND TYPE-STYLE REQUIREMENTS

This brief complies with the type-volume limitation of Fed. R. App. 32(A)(7)(B) as it contains 8,211 words and 687 lines.

This brief also complies with the typeface and type-style requirements of Fed. R. App. 32(a)(5) as it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Respectfully submitted,

Dated: October 5, 2023      By:    */s/ Stephen M. Doniger*
                                 Stephen M. Doniger, Esq.
                                 DONIGER / BURROUGHS
                                 *Attorney for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE WITH ELECTRONIC BRIEF SCANNING REQUIREMENTS

This brief complies with Local Rule 28A(h) as the PDF version of this brief has been scanned for viruses and is virus free.

Respectfully submitted,

Dated: October 5, 2023      By:    */s/ Stephen M. Doniger*
                                 Stephen M. Doniger, Esq.
                                 DONIGER / BURROUGHS
                                 *Attorney for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 5, 2023, the foregoing was filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using CM/ECF system. The undersigned further certifies that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

By:  */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
DONIGER / BURROUGHS
*Attorney for Plaintiffs-Appellees*